NEW-YORK,
Nov. 1809.

Hunt *against* Burrel, Polhemus, and another.

THIS was an action of trespass *quare clausum fregit.* The defendants pleaded severally, not guilty. The cause was tried before Mr. Justice *Thompson*, at the *Montgomery* circuit, in *May*, 1808. On the trial, the defendants, in justification of their entry, which was proved, offered in evidence a writ, issued out of the *Montgomery* court of common pleas, in favour of the defendant, *Burrel*, against the plaintiff; and offered to prove, that the defendant, *Polhemus*, was deputed in writing, by the under-sheriff of the said county, in the name of the sheriff, to serve that writ, and that *Polhemus* having arrested the plaintiff, who escaped, he did, with the assistance of the other defendants, enter the plaintiff's house, to retake him. The judge ruled, that the deputation was void, but permitted it to go to the jury, in mitigation of damages; and a verdict was found for the plaintiff for 5 dollars, damages.

An *under-she-riff* may depute a person to serve a writ, or do a particular act.

In an action of trespass *quare. clausum fregit,* the plaintiff recovered 5 dollars damages; the court, though the verdict was against law, refused to grant a new trial, as the title did not come in question, and the defendant would be entitled to full costs against the plaintiff.

The question, submitted to the court without argument, was, whether the deputation was valid, and ought to have been received.

*Per Curiam.* The deputation was a sufficient authority to the defendant, *Polhemus*, to execute the writ. The general maxim, that *delegata potestas non potest delegari*, is correct, when duly applied; for to make a deputy by a deputy, in the sense of the maxim, implies an assignment of the whole power, which a deputy cannot make. A deputy has general powers, which he cannot transfer; but he may constitute a *servant*, or *bailiff*, to do a particular act. This distinction was taken, and laid down by Lord *Holt*, who gave the opinion of

the court of K. B. in the case of *Parker* v. *Kett.* (1 Ld.
*Raym.* 658. 12 *Mod.* 467. 1 *Salk.* 95.) In that case,
the steward of the manor of *Reswick*, made his deputy-
steward, who appointed under his hand and seal, *B.* a
third person, to be his deputy, to take a particular sur-
render, who took it; and one question, which arose, in
ejectment, was, whether the surrender taken by the de-
puty of a deputy-steward, was good. The court held it
good, and said that *B.* was not a deputy, in the proper
sense of the term, since he had power to do only a par-
ticular act; whereas a deputy, from the nature of his
deputation, has power to do all acts. They alluded to
such a case as the one now before the court, and said,
that it was every day's practice for under-sheriffs to
make bailiffs to do particular acts, and that they made
them by virtue of their general deputation; for the mo-
ment the sheriff made an under-sheriff, he, of necessary
consequence, gave him power to make bailiffs. The
case of *Leak* v. *Howell,* (*Cro. Eliz.* 533.) and the au-
thorities there cited, contain the same general doctrine.

But though the evidence ought to have been received,
this case will not justify a new trial. As the plaintiff
recovered but 5 dollars, he must pay full costs to the
defendants, as no certificate of the judge has been given,
and as the title did not in any wise come in question.
It certainly, then, would not be fit to award a new trial,
and create all that additional expense, merely to save
5 dollars to the defendants; and on that ground only the
motion is denied.

Motion denied.