*198 Opinion óf the Court,
by Judge Mills.
THE complainant below, now defendant in error, ^e<f kM» alleging that a constable of his county presented and read to him a summons from the general *199 court, issued in the name of, and directed to the sergeant of the court of appeals, for the use of Mahlon Gillingham, George Randolph and Edmund Randolph, and requiring him to appear on the first day of the next term of said court, to answer and say whether he was not indebted to David L. Gregg, a certain sum of money named in the summons; that he enquired of constable, whether he had authority to execute the summons, and that the constable replied, that he not know, but that one of the deputy sergeants of this court had given it to him to execute, and requested him to do so, and had said that he would return it cuted in his (the deputy’s) own name; that, being advised that such a service of the process was illegal, or would be ineffectual, and finding it inconvenient to leave home on the day of the court when his attendance was required by the summons, he did not attend until the tenth day of the court, when he found that the deputy sergeant had, in his own name and that of his pal, returned the summons legally executed, and a judgment was rendered against him for the amount named fin the summons, and the court had adjourned; that Gregg had been committed to prison in of a judgment obtained in the joint names of the aforesaid persons, and had taken the oath of an insolvent debtor, and had delivered a schedule of his estate, among the rest, a demand against him, the ant, named in the summons. He then proceeded to show, by receipts, that he had paid part of the amount charged against him by Gregg, and denied the justness of the balance, and insisted that he was not bound to pay it. He made the sergeant of this court, Gregg, and the plaintiffs at law, defendants, and obtained injunction. ,
It is not ciear that it is com fora ail officer’s return in a colrect proCeeding against °ffioe,r> oery>
A principal or ser* fppoin™^ general deputhough "he0 ’ may empow®r another to the act,’ if done in pursuance thereof, is valid.
*199 The sergeant demurred to the bill,, and the court overruled the demurrer; and on the sergeant’s stating that he would abide by his demurrer, and not the court decreed a perpetual injunction without costs, from which the sergeant has appealed to this court.
We conceive that the demurrer of the sergeant ought to have been sustained. The complainant was fully warned that such process liad issued from a proper court. He did not attend to answer it, because it was inconvenient) merely. This is not enough to excuse failure in making his defence at law, when it is properly *200 'cognizable there, and the only additional excuse that he has left for non-attendance to make his defence in the proper court, is, that the service of the process was illegal, and the return of the deputy sergeant false.— ■It is not clear, that it is competent for a party to aver and prove the falsity of a return made by a proper officer, in a collateral mode, without a direct proceeding against the officer himself, even in chancery. The practice might produce numerous suits, where parties had forgotten the service of process; where they had not heard, or did not wish to hear the officer; and it might involve various inquiries, how the process was served, and whether enough was said or done to amount to service. But, without giving any direct opinion on this point, and leaving.it to be decided where it may more directly occur, we are not disposed to admit that the execution of the process, in this instance, was illegal, or the return false, according to the complainant’s own history of the transaction. That a principal sheriff or sergeant may appoint a general deputy, cannot be doubted.- It is also true, that a deputy cannot appoint a general deputy, or confer any authority upon him to act as such. But a deputy, or bailiff, may empower another to do a particular act, and the act, if done in pursuance thereof, is valid. See Jacob’s Law Die. 251, title Deputy; 1 Salk. 96.
The execution of a summons by a constable, under a special authority from a deputy sergeant, is valid.
As the authority, then, given in this case by the deputy sergeant-, must be presumed to have been properly given, his return, in consequence thereof, is true, and the service valid. It, therefore, necessarily follows, that the complainant below coukl derive no aid, in framing his excuse for not defending at law, from any illegality in the acts of the officer.
The decree must, therefore, be reversed with costs, and the cause be remanded, with directions to the court below to sustain the demurrer and dissolve the injunction with damages, and dismiss the bill with costs.