### Love *vs.* Humphrey and others.

A person arrested in one county, *passing through another county* in the ordinary route of travel from the place where he was arrested to the place where he is to be conveyed according to the command of the process under which the arrest was made, is not subject to arrest in the county through which he passes, and if arrested, all persons concerned in the same with knowledge of the previous arrest, are answerable as for an *unlawful arrest.*

Where a replication admits a bar set up in a plea, and avoids it by new matter, a traverse is not necessary.

In a justification by a *deputised constable*, it is not necessary to aver that the deputation was made *at the request* of the plaintiff in the warrant, and that the constable undertook to serve it *without fee or reward;* at all events, advantage can be taken of the omission only by special demurrer.

On the argument of a demurrer, the defendant is not entitled to ask for judgment in his favor, although it appears that he is sued in trespass for acts done by him as a public officer, and that the venue is not laid in the county where it appears the acts were done ; the party must rely on his statute remedy.

DEMURRER to replication. W. Love sued Adam Humphrey, John Humphrey and P. Smith, for an *assault, battery,* and *false imprisonment.* The declaration contained four counts ; the first and fourth charging an assault and battery simply, and the second and third an assault, battery and false imprisonment. The defendants pleaded as to all the trespasses in the declaration mentioned, except the imprisonment, &c. *not guilty,* and *as to* the residue of the supposed trespasses, *actio non,* &c. because they say that before the said time when, &c. *Adam Humphrey,* one of the defendants, obtained a warrant at his suit, from a justice *of the county of Schenectady,* against the plaintiff in an action of trespass on the case ; that the justice deputised *John Humphrey* to serve it, who voluntarily undertook to do so : that the justice delivered the warrant to John Humphrey, who, by virtue thereof, took and arrested the plaintiff in the town of Duanesburgh *in the county of Schenectady,* and because the plaintiff refused to submit to such arrest, Adam Humphrey and P. Smith, in aid and assistance and by the command of John Humphrey, gently laid their hands on him to detain him in custody, which is the residue of the supposed

trespasses, &c. ; concluding with a verification, &c. The plaintiff *replied,* taking issue upon the plea of *non cul.,* and " as to the said several trespasses in the introductory part of that plea mentioned and therein attempted to be justified," said that he ought not to be barred, &c. because, *before the said time when, &c.* in the second and third counts of the declaration mentioned, to wit, on, &c. a warrant was issued against him, the plaintiff, by G. D., a justice of *the county of Montgomery,* at the suit of Adam Humphrey, one of the defendants, on the application of the said Adam, directed to any constable of the county of Montgomery, commanding such constable to apprehend the plaintiff and to bring him before the justice, at his office in Charlestown, to answer, &c. which warrant the said Adam caused to be delivered to J. Eaton, a constable of *Montgomery,* to be executed ; that by virtue thereof, Eaton took the plaintiff into custody *in the county of Montgomery,* and while he was conveying him *across a part of the county of Schenectady* which lay in and was in the *ordinary route of travel* from the place where he took and arrested the plaintiff to the place where he was by the warrant commanded to convey the plaintiff, the defendants, after they *had notice* of such warrant issued by the justice of Montgomery and of the arrest of the plaintiff by Eaton, and that the plaintiff was in the custody of Eaton at the said time when, &c. in the second and third counts mentioned, committed the said several trespasses in the introductory part of the said *second* plea mentioned, in manner and form, &c. and this, &c. wherefore, &c. To this replication the defendants demurred and assigned several special causes of demurrer, and, amongst others, that the replication does not traverse or avoid the matters contained in the *second* plea, except by inference or legal construction. The *venue* in the declaration was in *Montgomery.*

*M. T. Reynolds,* for defendants. It is manifest from the pleadings that the acts complained of as trespasses were done in the county of *Schenectady ;* that John Humphrey was acting as a constable, and the other defendants in his aid. The defendants therefore, on the trial of the cause, will be entitled

NEW-YORK, to a verdict, 1 *R. L.* 155.   The court therefore will now give
May, 1832. judgment for the defendants.   The special cause assigned
Love     for demurrer also is fatal against the plaintiff.
v.
Humphrey.     *D. Cady,* for plaintiff.  The plea is bad in not averring that
John Humphrey was deputised *at the request* of Adam Hum-
phrey, and also in not averring that he undertook to serve
the warrant *without fee or reward ;* unless such undertaking
was made, the justice had no power to depute him.   *Laws
of* 1824, *p.* 290, § 19.   John Humphrey was a mere volun-
teer ; he was not a public officer, and had not the power to
command assistance.   At all events, Adam Humphrey was
not bound to obey his *own deputy constable,* and the law will
not permit him to commit an assault under such a pretence.
If he and Smith were bound to obey, they should have aver-
red that they were inhabitants of the county of which John
Humphrey was a deputised officer.   A deputy constable
cannot claim the benefit of the act for the more easy plead-
ing in certain suits.   The defendants cannot, in this stage of
the cause, raise the question whether the *venue* be or be not
laid in the proper county ; it can properly arise only on the
trial.   There is a plea of the general issue, and there is noth-
ing to prohibit evidence of acts done in Montgomery, even
though what transpired in Schenectady should not be con-
sidered as done in Montgomery.   The replication admits
the arrest pleaded by the defendants, but it sets up new
matter, shewing that it cannot avail them as a defence.   2
*R. S.* 427, § 6, 7.

     *By the Court,* SUTHERLAND, J.   The replication, it appears
to me, is good in substance.   It brings the plaintiff's case
within the provisions of the sixth and seventh sections of the
act concerning the arrest of persons on civil process.  2 *R. S.*
427.   The sixth section provides that any officer who shall
have arrested any prisoner in any county, may pass over,
across, or through such parts of any other county or counties
as shall be in the ordinary route of travel from the place where
such prisoner shall have been arrested to the place where he
is to be conveyed, according to the command of the process
by which such arrest shall have been made ; and the seventh
section provides that such conveyance shall not in any case

NEW- YORK,
May, 1832.

Love
v.
Humphrey.

be deemed an escape, nor shall the prisoner so conveyed, or the officer having him in custody, be liable to arrest on any civil process while passing through such other county or counties. The knowledge of the defendants of the previous arrest of the plaintiff, and that he was then in custody under such arrest, when the trespass complained of was committed, is sufficiently averred. A second arrest under such circumstances must constitute a trespass, as much as though it had been made in another county, to which the process did not extend. It does not stand on the same ground with an arrest made in violation of a personal privilege : such privilege an officer is not bound to regard. But in this case the exemption is intended to prevent a conflict between process issuing from different courts or officers. The effect of the provision is to take from the officer making the second arrest, all jurisdiction over the defendant in the process while passing through his county, as much as though he had not entered the county, but had continued in that in which he was originally arrested.

The principal ground of special demurrer to this replication is, that it does not traverse or avoid the matter contained in the plea, except by inference or legal construction. The replication confesses or admits the bar set up in the defendant's plea, and avoids it by new matter ; it admits the arrest and imprisonment, &c. to have been made under color of process, &c. as alleged in the plea, but it sets up new matter, which, if true in point of fact, shows that the plaintiff was not liable to be arrested, and thereby avoids the plea ; in such a case a traverse is not necessary. *Comyn's Dig. Pl. G.* 3. If the objection intended to be taken is that the replication professes to answer only the trespasses in the *introductory* part of the second plea mentioned, and not all the trespasses mentioned in that plea, the answer is, that by referring to the second plea, it will appear that the trespasses mentioned in the introductory part of it are in express terms all the residue of the trespasses mentioned in the declaration, except those which the defendant had answered and denied by his first plea. It appears therefore, with sufficient certainty and precision, that the replication embraced the whole matter of the plea. The other special causes of demurrer are equally unfounded.

The second plea is good in substance. It was not necessary for the defendant to aver that John Humphrey, who was deputed to serve the warrant, was deputed *at the request* of Adam, the plaintiff in the warrant, or that he undertook to serve it *without fee or reward.* The general averment that he was deputed by the justice and voluntarily undertook to execute the process, is sufficient at least upon general demurrer. It is not necessary to set out his title *in extenso.* Upon a demurrer to the replication, no objection can be taken to the previous pleadings, except one of substance.

The objection to the *venue,* I am inclined to think, cannot be raised upon demurrer. If the plaintiff fails to prove a cause of action arising within the county of Montgomery, where his venue is, the statute provides, 1 *R. L.* 155, that the jury shall find the defendants not guilty, without any regard to the evidence given by the plaintiff, and they shall also have their double costs. The declaration itself does not show that the trespasses complained of were committed by the defendants as officers in the execution of process ; the plea discloses that fact, and I should question whether, independently of the statute remedy, it was competent for the defendants, upon a demurrer to the plaintiff's replication, to raise an objection to the declaration, not appearing on the face of the declaration itself, but disclosed by their own plea. However this may be, the statute having prescribed the course to be pursued and given the remedy, that course must be adhered to.

I think the plaintiff is entitled to judgment upon the demurrer, with leave to the defendant to rejoin, on payment of costs.