By the Court.
Mason, J.
There, were several, exceptions taken on the trial of this cause¡ only two,of which were.insisted upon on the argument before us..
The first of these was to the decision of the court, overruling the objection taken. to: the testimony of, John H. Sinith.He was examined as to the account of Caleb H. Smith,& Co., a firm of which he,, the. witness, was a inember, and- looked at a paper in his. hand, which he- said was an abstract from entries in the books of Caleb, N. Smith & Co., of which, firm,, he, the- witness,, was also a. member. The, defend-. *221 ant’s "counsel objected to his looking at, or testifying from-such paper, without- the production of the books themselves, ’ which objection' was overruled by the - court, and the defendant excepted.
The exception was • too broad. It’does not • appear from the case that the witness testified from the paper; or that he did anything more than merely look- at it, in order to refresh his memory, and then testify from his recollection thus refreshed. This he had "an undoubted right to do. It is not possible for "witnesses to carry in their heads details of dates and accounts, or even of business matters in which they have been engaged ; and if they are not permitted to refresh their recollection, by reference to books ' or memoranda of the transaction about which they are examined, it would be extremely difficult, if not impossible, often, to obtain reliable testimony in relation to ordinary business transactions. If the witness, after looking at the books themselves or memoranda taken from them, is able to swear positively to the’facts, the evidence is competent without the production of the books, and it matters not whether the entries have been -made by the witness himself, or by another person. These are familiar principles which are acted upon every day, and "are too well settled to be seriously .disputed (1 Greenleaf Evid. § 436, 437; Cowen’s & Hill’s notes, vol. 2, p. 757).
The next exception was to the permission given by the judge to the jury", to take "out with them when they -retired the deposition of Henry" W. Scott, which had been read in evidence by the plaintiff.
We do not think that this was a subject for an exception. If the permission was wrongly" given, it was rather an irregularity, which would not of itself avoid the verdict. It is laid down by Lord Coke, that if the jury carry away any writing unsealed, which was given in evidence in open court, this shall not avoid their verdict, "albeit they should not have carried it with: them (Co. Litt. p. 227, b.) Assuming that Lord Coke refers to the jury taking away such a writing without the permission of "the judge, we do' not see how the judge’s permission can fender the’verdict void, when it would not be so, if his-per"mission had "not béeü given.
*222 The remedy of the defendant, if he is entitled to any, is bv motion to the court. And then upon hearing both sides, the verdict would be set aside, or sustained, as justice between the parties might require. This course was pursued in Hackley v. Hastie, 3 J. R. 252, in which case the jury had carried with them depositions under a commission, without the consent of the counsel. The court denied the motion, because it appeared from the affidavits of several of the jurors that the papers had not been read by the jury. The same fact, or something equally conclusive, might possibly be shown in this case, if an opportunity were afforded, to resist a motion to set aside the verdict.
These were all the exceptions taken on the trial, whicn were argued before us on the hearing, and neither of them, in our judgment, was well taken
An objection, however, was made for the first time, on the hearing of the bill of exceptions, to judgment being rendered on the verdict, because the action was brought against the sheriff of the county of Queens for an act done by virtue of his office, and by the statute it could only be tried in the county of Queens.
This action was originally commenced in the supreme court, and the venue laid in the city and county of New York. It was tried before one of the justices of the supreme court, and carried up to the general term of that court, on a bill of exceptions. While it was on the calendar of the general term, it was transferred to this court, and argued at one of the general terms held for transferred causes. A new trial was ordered, and the cause tried again at a trial term of this court; and it was heard before us on exceptions taken at such second trial. The objection to the venue was taken, for the first time, on the argument before us. It was either waived by mutual agreement between the parties, or it did not occur to the counsel on the former trials, or to the judges who presided at those trials, or heard the argument at the general term. If it is to prevail, it must be solely because the statute imperatively requires it.
The section of the statute on which the objection is founded enacts, that in suits against public officers, &c., for acts done by them in virtue of their office, if it shall not appear on the trial, *223 that the cause of action arose within the county where such trial was had, the jury shall be discharged, and judgment of discontinuance shall be rendered against the plaintiff (2 R. S. 409, § 3).
' The statute was intended to promote the convenience of public officers, and to prevent their being compelled to attend to suits of this description, at a distance from home and the sphere of their public duties. It would not be necessary for them, if sued in a foreign county, for any acts done by them in virtue of their office, to adduce witnesses, or to prepare for trial, further than to bring out the fact, that the thing complained of was done by them in their official capacity. On this being made to appear, the jury, on motion of defendant, would be discharged as a matter of course. But when a sheriff, who is sued out of his own county, makes his defence, brings forward his witnesses, submits his cause to the jury, and suffers a verdict and judgment to be rendered against him, without asking for the benefit secured to him by the statute, and then appeals from the judgment on other grounds, there seems to be no reasonable propriety in turning the plaintiff out of court, on the hearing of the appeal, merely, because the trial was had in the wrong county.
Had the defendant in this cause asked the judge to discharge the jury, on the ground specified in the statute, if the fact had been made distinctly to appear, the request would undoubtedly have been granted; and if it had been refused, the refusal would have formed good cause for exception. The defendant, however, did not think proper to do so, but submitted the case to the jury. If, in fact, he was sued for an act done by him, as" sheriff of the county of Queens, we think that he has passed, the point at which he might have availed himself of the benefit of the statute.
The supreme court, in the case of Lowe v. Humphrey, (9 Wend. 204,) held that they would not, in a suit against a public officer, give judgment on demurrer, in 1ns favor, on the ground that the venue was laid in the wrong county. The party, they held, was confined to his statutory remedy. In accordance with the principle of that decision, we should feel bound to refuse to render judgment on this bill of exceptions in favor of the *224 defendant, even if it clearly appeared- that .the- defendant/was ■ sued for acts doné by him; In his official capacity.
. But that does not appear on this record. . Neither the; plead-' ings, nor the evidence, disclose the fact. The notice annexed to the plea is no part of .-the record, and: if it were, it does not establish any fact. Edmund Dwight,, who might, perhaps have ■proved the fact, was clearly an incompetent'witness, and his testimony was properly excluded. . There is nothing in. the, case then, as presented to us, inconsistent, with the idea,- that the -trespass complained of, was committed by the defendant, in the city - and county .of New York, and in his private, as distinguished from his public and official- character. He is styled in ■the complaint, Sheriff of Queens county, but that is a mere description. It is impossible for us to infer, simply.from that designation- or title given, to the defendant,, that ■ he t,ook the goods mentioned in the complaint, by virtue of a process issued and delivered to him,, as sheriff of Queens county, or in the discharge of his official duty. The: objection is therefore unsupported by any evidence, and must be overruled. The judgment at the special term is affirmed, with costs.