## THE NEW ALBANY AND SALEM RAILROAD COMPANY *v.* GROOMS.

A sheriff's deputy, or bailiff, may empower another to do a particular act which he may himself do; and if the act be performed pursuant to the authority, it is valid.

Thus an infant may be deputed to serve a particular writ, though he cannot act as a general deputy.

So, a constable may depute another to serve a writ.

Service upon a conductor of a railroad train is sufficient service upon the company, under the statute.

The conductor is at least a special agent of the company.

May Term,
1857.

THE NEW AL-
BANY AND SA-
LEM RAILR'D
COMPANY
v.
GROOMS.

Thursday,
June 4.

APPEAL from the *White* Circuit Court.·

PERKINS, J.—*Grooms* sued the railroad company before a justice of the peace, for the loss of a mare which was drowned in a well alleged to have been negligently kept uncovered by the company, and recovered a judgment by default for 95 dollars. The company appealed to the Circuit Court, and there moved to dismiss for want of sufficient notice and service of process; but the appellee interposed a motion for leave to amend the return of the constable, which was granted, and the motion to dismiss was overruled, and exceptions were taken.

The case was tried by the Court, and a judgment rendered for the same amount as before the justice.

*Bushrod W. Cain,* the constable to whom the summons was delivered by justice *Spencer,* and who returned it served upon the conductor, was sworn by the appellee, and stated that he was sick at the time the writ came to his hand, and that he gave it to *William Craft,* a private citizen, as deputy, to serve. *Craft* testified that he delivered a copy of the writ to a man whose name he did not know, but who was acting as a conductor and an agent of the company—that there was a station-master, an agent of the company, in the township, but that the chief officer of the company could not be found therein, &c.

It is insisted that the motion to dismiss should have been sustained—

1. Because the process, or notice, should have been served by the constable, instead of by *Craft,* his servant.

2. Because the service upon a conductor was not authorized.

1. A sheriff's deputy, or bailiff, may empower another to do a particular act, and the act, if it be one within the power of the deputy or bailiff, and be performed pursuant to the authority, is valid. "An infant may be deputed to serve a particular writ, but cannot act as a general deputy." Gwynne on Sheriffs, p. 43. He cites 1 Salk. 96; Hob. 12; 6 Mon. 277; 5 Litt. 198; 5 Johns. 137; 3 N. Hamp. R. 408. We have verified enough of the references to satisfy us that the text is sustained.

The power thus shown to exist in deputies, &c., is of common-law origin; and we know of no statutory provision abrogating it in *Indiana.* And if it exists in bailiffs, it must, we think, belong as legitimately and properly to constables.

May Term, 1857.

2. We think the service upon the conductor was good. In cases of suits for stock killed, &c., it is admitted the service may be upon the conductor, by the express language of the statute (1). And section 36, 2 R. S. p. 35, applicable to all suits against railroad companies, says that where the chief officer of the company is not found in the county, service may be upon its cashier, clerk, &c., or general or special agent.

We think the conductor, at least, a special agent of the railroad company, and one peculiarly proper for receiving service of process; because his duties take him along the line of the road to that extent that will generally enable him daily to communicate with the chief officers of the corporation, whose duty it would be to attend to suits against it.

We think the service was good.

*Per Curiam.*—The judgment is affirmed with costs.

*R. C. Gregory* and *R. Jones,* for the appellee (2).

(1) See *The New Albany,* &c., *Railroad Co.* v. *Chamberlain,* 8 Ind. R. 278; *Id.* v. *Laiman, Id.* 212.

