May Term, 1859.

PROCTOR
v.
WALKER.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. S. Newman* for the appellant.

*J. B. Niles* and *A. L. Osborn*, for the appellees.

---

PROCTOR *v.* WALKER and Others.

A sheriff has power to appoint a person to do a particular act, as, to serve a certain writ, although such person may not be a general deputy or act under the oath required of such deputy by statute.

A prisoner in the custody of a constable, is liable to arrest on process in the hands of a sheriff, at all events, if the constable be willing to surrender him.

Wednesday,
June 29.

APPEAL from the *Hendricks* Circuit Court.

HANNA, J.—This was an action by *Proctor*, for assault and battery and false imprisonment. Defense, general denial; and, second, justification under legal process.

May Term,
1859.

PROCTOR
v.
WALKER.

A demurrer was filed to the second paragraph of the answer, which was overruled. Upon this ruling, the first question is presented for our consideration.

The answer avers that a writ for the arrest of the plaintiff was issued by the clerk of said county, out of the Court of Common Pleas thereof (which writ is set forth), to the sheriff thereof, returnable forthwith. That the sheriff "appointed the said defendant, *Walker*, bailiff for said Court, and placed said writ in his hands, as such bailiff." It then avers that said *Walker*, by virtue of said writ, with the other defendants as his assistants, arrested said plaintiff, which is the assault complained of, &c.

The cause of demurrer assigned is, that "the sheriff of said county had no power to appoint a bailiff, but a deputy under him in writing, who would be authorized to act as such, after taking the necessary oath," &c.

We are of opinion that the demurrer was properly overruled. The sheriff had power to appoint a person to do a particular act, as, to serve a certain writ, although he may not have been the general deputy, and have taken the oath, &c., as required of such deputy by the statute. *The New Albany, &c., Railroad Co.* v. *Grooms*, 9 Ind. R. 244.

The plaintiff replied to the second paragraph of the answer—1. A denial. 2. That, at the time he was arrested, &c., by defendants, he was in the hands and custody of a constable, &c., by virtue of a writ issued by a justice of the peace, on a charge of an affray, of which defendants had notice. That the charge upon which defendants arrested him was false, &c. 3. That the trespass, &c., was excessive in this, that the defendants bound him with cords, &c.

There was a demurrer to the second and third paragraphs of the reply—to the second, because it was not sufficient, &c., to the third, because it was a repetition of the matters alleged in the complaint. The demurrer was sustained as to the second, and overruled as to the third paragraph of the answer. The ruling as to the second paragraph raises the next question for consideration.

We are not aware of any statute which protects a man

from arrest upon one charge and writ issued from a state judicial tribunal, because he may happen to be in the custody of an officer, under a different charge and writ issued by another Court of equal or inferior jurisdiction.

The plaintiff cites several cases which, he insists, sustains the positions taken by him; the first, is *Bours* v. *Tucherman*, 7 Johns. 538. This was an arrest made of an individual, whilst attending upon a Court in obedience to the process thereof, in which he was protected from arrest, by statute. See, also, 1 R. S. p. 104.

The second, is *Love* v. *Humphrey*, 9 Wend. 204, which was an arrest made in the county of *Schenectady*, upon a writ issued by a justice of said county. The plaintiff who was thus arrested, was, at the time, in the custody of an officer of *Montgomery* county, by virtue of a writ issued by a justice of the latter county, and was being conveyed, by the ordinary route of travel, from the place where arrested, to and before said justice, and in traveling said route, passed over a part of the county first named, where he was thus arrested. The statute of *New York* expressly declared that a person thus arrested in one county, and passing through another, should not be liable to arrest in the latter, on civil process.

Whatever question might arise between the Courts and officers, as to the jurisdiction of the person of the defendant, we cannot perceive any good reason why he should not be subject to the process in the hands of the sheriff's officer, if the constable was willing to surrender him upon the same. Whether the constable could, of right, have held him against that officer, is a question not before us.

*Per Curiam.*—The judgment is affirmed with costs.

*C. C. Nave* and *J. Witherow*, for the appellant.

*H. C. Newcomb, J. S. Tarkington,* and *J. S. Miller*, for the appellees.