PEOPLE ex rel. BICINELLI v. DUNN.

(Supreme Court, Special Term, New York County. July, 1898.)

1. HABEAS CORPUS—WHAT QUESTIONS CONSIDERED.
    In habeas corpus by one arrested on body execution, it cannot be considered whether the summons in the action wherein execution issued was duly served.

2. JUDGMENT — DEFECTIVE PROCESS—HOW ATTACKED.
    Service of summons appearing prima facie to have been duly made, a judgment must be attacked for defects in service by motion in the court out of which it issued.

3. EXECUTION — GREATER NEW YORK CHARTER — TERRITORIAL EXTENT OF MARSHAL'S AUTHORITY.
    Under Greater New York Charter, §§ 1358–1363, establishing municipal court districts in the several boroughs of the city, and apportioning the boroughs into districts, and section 1368, providing that "the municipal court in any district shall have power to send its process * * * in an

action or special proceeding of which it has jurisdiction into any district or part of the city of New York for service of execution and to enforce obedience thereto, and such process * * * may be served in any district or part of the city of New York as constituted by this act," a marshal of the borough of Manhattan has authority to arrest a person in the borough of Brooklyn on execution against the body issued by a municipal court of Manhattan on a judgment which it had jurisdiction to enter.

Proceeding by the people, on the relation of one Bicinelli, against one Dunn, for habeas corpus. Writ dismissed, and relator remanded.

Keiley & Haviland, for petitioner.
Leopold W. Harburger, for respondent.

FREEDMAN, J. The question whether or not the summons was duly served is not available on habeas corpus. Prima facie proof of service by a marshal having been made, the remedy is by motion in the court out of which the summons issued. Whether or not the relator was lawfully arrested in Brooklyn by a marshal of the borough of Manhattan under and by virtue of an execution against his body, issued upon a judgment recovered in a municipal court sitting in the borough of Manhattan, depends upon the provisions of the charter of Greater New York. Section 1358 provides that the several boroughs composing the city of New York are divided into districts, in each of which sessions of the municipal court created by said charter shall be held. By sections 1359–1363 it is provided that the borough of the Bronx shall have two districts; the borough of Manhattan, eleven; the borough of Brooklyn, five; the borough of Queens, three; and the borough of Richmond, two. And section 1368 provides:

"The municipal court in any district shall have power to send its process and other mandates in an action or special proceeding of which it has jurisdiction, into any district or part of the city of New York for service of execution, and to enforce obedience thereto, and such process and mandates may be served in any district or part of the city of New York, as constituted by this act."

Under this section I am bound to hold that, inasmuch as the court below had jurisdiction to render the judgment upon which the execution in question was issued, the marshal had the right under it to take the body of the relator in the borough of Brooklyn. The writ must be dismissed, and the relator remanded.