(41 Misc. Rep. 552.)

## FISHER v. YOUNG.

(Supreme Court, Special Term, Albany County. November, 1903.)

1. EXECUTION AGAINST BODY—VALIDITY.

An execution against the body, directed to the sheriff of S. county after return of the execution against property issued to such county, unsatisfied, gives such sheriff no authority to arrest the judgment debtor in another county, where the debtor resides.

2. SAME.

Under Code Civ. Proc. §§ 1372, 1489, an execution against the person cannot issue without the previous issue and return of an execution against his property to the county in which he resides.

Action by Edward B. Fisher, guardian ad litem, against William M. Young. Motion to set aside execution against person granted.

On the 16th day of October, 1903, an execution against the person of said William M. Young was issued, which reads as follows, to wit:

"People of the State of New York, to the Sheriff of the County of Sullivan, Greeting: Whereas, judgment was rendered on the 31st day of December, one thousand nine hundred and one, in an action in the Supreme Court in favor of Edward B. Fisher, guardian ad litem, against William M. Young,

¶ 2. See Execution, vol. 21, Cent. Dig. § 1211.

for the sum of seven hundred eleven dollars and seventy-three cents, as appears to us by the judgment roll filed in the office of the clerk of the county of Sullivan; and whereas, the said judgment was docketed in your county on the thirty-first day of December, in the year one thousand nine hundred and one, and the sum of $711.73, with interest from the thirty-first day of December, 1901, is now actually due thereon; and whereas, an execution against the property of the judgment debtor has been duly issued to the sheriff of the proper county, the county of Sullivan, and returned unsatisfied: Therefore, we command you that you arrest the said judgment debtor and commit him to the jail of your county until he shall pay the said judgment, or be discharged according to law, and that you return this execution as required by law.

"Witness, Hon. James A. Betts, one of the justices of said court, this sixteenth day of October, 1903.

"[Signed]                                                    G. F Curry, Clerk.

"[Signed]   John D. Lyons, Attorney for plaintiff."

It appears in the moving papers herein that at the time of the arrest under such execution the defendant, Young, resided and was employed in the city of New York. The return of the sheriff to such execution reads as follows:

"The within defendant, William M. Young, was arrested in New York City on the 22nd day of October, 1903, and brought to Monticello, Sullivan county, New York, to the jail, this 23rd day of October, 1903.

"[Signed]                                                    John Dycker, Sheriff.

"By Elijah Parks, Under Sheriff."

Application is made to this Special Term to discharge the defendant from his arrest under such execution, and to vacate the execution. Defendant discharged.

Cornelius J. Early, for motion.
John D. Lyons, opposed.

HERRICK, J. It may be laid down as a general principle, I think, that local administrative or executive officers are only to discharge the duties of such office within the boundaries of the locality for which they are elected or appointed; and the correlative proposition, that administrative or executive duties that are to be performed or executed in any locality are to be discharged and executed by the local officials for that locality is also true; that is to say, that sheriffs are to perform their duties within the counties in and for which they are elected, and that any legal process that must be executed by a public officer must be executed by the public officer of the locality in which the law requires it to be executed, and that a sheriff to whom process is intrusted for execution must execute it within the boundaries of his own county or not at all. As a peace officer to execute or enforce criminal process, he may, in certain instances, act beyond the boundaries of his county, but, unless specially authorized so to do, he cannot so act in civil proceedings.

In this case it appears that an execution was issued to the sheriff of Sullivan county, and that he executed it in the county of New York. The several sections of the Code of Civil Procedure, when taken together, indicate, it seems to me pretty clearly, that the sheriff can execute process for the arrest of a person in a civil action, only within his own county. Where an order of arrest is issued in a civil

action the Code provides that "the sheriff must execute the order by arresting the defendant, if he is found within his county" (section 563), thus limiting the sheriff to his own county.

So before an action can be commenced upon an undertaking given upon arrest it is provided that:

"(1) An execution against the property of the defendant, must have been issued to the sheriff of the county in which he was arrested, and returned by that sheriff, wholly or partially unsatisfied.

"(2) An execution against the person of the defendant must have been issued to the same sheriff, and by him returned, not less than fifteen days after its receipt, to the effect that the defendant could not be found within his county." Code Civ. Proc. § 597.

So that we find the sheriff in executing an order of arrest is limited to the arrest of a person found within his county; that the execution thereafter issued against the property of the person so arrested must be issued to the sheriff of the same county where he was arrested, and the execution against the person must be issued to the same sheriff.

As to executions against the person, the Code provides that "an execution against the person may be issued to any county." Section 1365. This contemplates the issuing of process to the county where the person to be arrested is, to be executed there. If the issuing of a process to one county gave the sheriff of that county a roving commission to act upon it in any county in the state, there would be no occasion for the provision of the Code authorizing the issuing of an execution to any county. It is an authority for the issuing of different executions to different counties, as necessity may require. The general provision as to all executions is that "an execution must be directed to the sheriff." Section 1362. To what sheriff? The section does not read any sheriff, but "the" sheriff—that is, some definite particular sheriff—and obviously that must mean the sheriff of the county to which the execution is issued; otherwise, an execution might be issued to the county of New York, and directed to the sheriff of St. Lawrence county.

Section 1372 of the Code provides that "an execution against the person must substantially require the sheriff to arrest the judgment debtor, and commit him to the jail of the county." Again we are met with a query, what county? It does not provide any county or any jail, but a definite particular jail, and it must mean, I think, the jail of the county to which the execution is issued, the county where he is arrested, as provided in section 563 for the arrest upon an order.

The fact that the sheriff is authorized to retain the prisoner in his custody while passing through a county other than his own county does not affect the question. The question turns upon his right to arrest, and the case of Love v. Humphrey, 9 Wend. 204, cited upon that question, is one where a justice of the peace of Montgomery county issued an order of arrest directed to any constable of Montgomery county to arrest the defendant and bring him before the justice at his office. The defendant was arrested in the county of Montgomery, and in taking him to the justice's office in the ordinary route of travel the constable and his prisoner passed through a portion of

Schenectady county. It was held that he was lawfully in the custody of the constable while in the county of Schenectady. That is very far from being an authority that the constable had the right to arrest the defendant in the county of Schenectady. The case of People v. Dunn (Sup.) 54 N. Y. Supp. 194, was one that turned upon the provisions of the charter of the city of New York in relation to municipal courts, and the inference to be derived from it is that, except for the peculiar provisions of that charter, a marshal of one district would have no authority to execute a process in another district. In this case the execution is not in terms issued to the county of New York, but directed to the sheriff of Sullivan county, to which county the prior execution against the property was issued and returned unsatisfied. When the execution is directed to a sheriff of a county, with no other specification of the county, the execution must be held as being issued to the county of which he is sheriff. In this case, therefore, the execution was not issued to the county of New York, but to Sullivan county, and furnished no authority for the sheriff of Sullivan county to arrest the defendant in the county of New York.

In addition, the execution was not in proper form for an execution against the person. An execution against the person: "Except where it may be issued, without the previous issuing and return of an execution against property, it must recite the issuing and return of such an execution, specifying the county to which it was issued." Code Civ. Proc. § 1372; People ex rel. Brack v. Reilly, 58 How. Prac. 218; Bergman v. Noble, 45 Hun, 133. This is to prevent imprisonment before the remedy against property is exhausted. And again: "If he is a resident of the state, the execution against his property must have been issued to the county where he resides." Section 1489; Walker v. Isaacs, 36 Hun, 233. It will be observed that the execution in this case fails to show that the execution against the property of the defendant was issued to the county where he resides. For these reasons the defendant must be discharged, and the execution vacated.

Defendant discharged, and execution vacated.