## Groff, Receiver, v. Warner.

[No. 6,826.   Filed November 5, 1909.]

1. JUDGMENT.—*Setting Aside.*—*Excusable Neglect.*—*Denial of Process.*—The judgment defendant, in a suit to set aside a judgment on the ground of excusable neglect, may contradict the sheriff's return showing process, for the purpose of showing an excuse, but not to defeat the court's jurisdiction. p. 548.
2. PROCESS.—*Return.*—*Corporations.*—*Jurisdiction.*—A sheriff's return showing service upon the secretary of the defendant corporation, "he being the highest officer of said company found within my bailiwick," confers jurisdiction upon the court. p. 549.
3. JUDGMENT.—*Setting Aside.*—*Ignorance of Corporation President.*— *Weighing Evidence.*—*Appeal.*—Where a defendant corporation seeks to set aside a judgment because the president of such corporation was not served with process and knew nothing of the suit until after judgment, and there is evidence that he did know thereof, the trial court's refusal to set aside such judgment will not be disturbed on appeal. p. 549.

From Wells Circuit Court; *Edwin C. Vaughn,* Judge.

Suit by Nathan B. Groff, as receiver of the Indiana State Oil Company, against Samuel Warner. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*M. Y. Campbell* and *Mock & Sons,* for appellant.
*Abram Simmons* and *Frank C. Dailey,* for appellee.

MYERS, J.—Appellee brought suit against a number of defendants, including the Indiana State Oil Company, a corporation, to quiet his title to certain real estate in Wells county.   Summons was issued by the clerk to the sheriff of Marion county, whose return, duly signed so far as it related to said corporation, was as follows:

"Came to hand November 14, 1905, and served this writ, * * * and served the within named Indiana

State Oil Company by reading this writ to and within the hearing of Joseph H. Stubbs, secretary of said Indiana State Oil Company, and delivering to him a true copy thereof, he being the highest officer of said company found within my bailiwick. November 16, 1905.''

December 4, 1905, the defendants were duly defaulted, and judgment upon default was rendered against all the defendants, quieting the plaintiff's title and adjudging costs against the plaintiff. At a subsequent term, on February 10, 1906, the appellant, as receiver for said company, filed his motion to set aside said default and judgment taken against said company, and to permit it to answer the complaint on its merits. At a later term, by leave of court, the appellant filed his amended motion, accompanied by affidavits.

It appears that appellant was appointed receiver, January 8, 1906. The matter submitted for our decision by counsel in their briefs relates to the question whether, under appellant's application and the showing made, the relief sought should be granted under the provisions of §405 Burns 1908, §396 R. S. 1881, whereby a court shall relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect on complaint or motion filed within two years. It was stated in the motion that said default and judgment against said oil company were taken ''without any service of summons or process upon Michael C. Shea, who was the president of said corporation, or any other chief officer of said corporation, although said Shea was in, and resided in, the city of Indianapolis, Marion county, Indiana, during the year 1905, as shown by the affidavit of Michael C. Shea,'' filed as an exhibit; that the only summons or process ever served in said cause was upon Joseph H. Stubbs, secretary of the said corporation, at Indianapolis, Marion county, Indiana, and that said Stubbs never notified or informed any of the chief officers of said cor-

poration of the service of said process on him, as shown by the affidavit of said Stubbs, made an exhibit; that neither the president nor any of the chief officers of said corporation had any notice or knowledge of the pendency of the suit until long after said default and judgment were taken.

It is then alleged that said corporation had, and the appellant has, a valid and meritorious defense, and the facts relied upon as constituting the defense are set forth. It is also alleged that the corporation is ready and willing to file an answer in the cause as soon as the default is set aside.

In the affidavit of Michael C. Shea, dated February 3, 1906, it is stated that he is president of the corporation, and that he is a resident of, and has a place of business in, the city of Indianapolis, Marion county, Indiana, and could easily have been found by the sheriff of said county within his bailiwick, if the sheriff had been properly instructed; that he was not served with summons or notice of such action, nor did he have any knowledge of the same until after judgment was rendered. Fourteen other matters relating to the defense are stated.

In the affidavit of Joseph H. Stubbs, he stated that he is the secretary of said company, a corporation with its principal office at Indianapolis, Marion county, Indiana; that when the sheriff of Marion county served summons upon him in said cause he did not call the board of directors together, or personally call the attention of the members to said summons; that he did not notify the president of the company of such service or action; that the sheriff did not ask for the name or address of the president or higher officers; that the affiant paid no attention to the summons, a copy of which was left with him; that he gave notice to no officer or director of the company of the summons, and, to the best of his knowledge, no officer, aside from himself, had any knowledge of the existence of any suit pending in Wells county, Indiana, instituted by Samuel Warner or any other party.

There is also filed in support of the motion the affidavit of William I. Lockwell and the affidavit of Robert W. Watkins, containing statements relative to the defense on the merits, but nothing on the question now under examination.

In the appellee's counter-affidavit he set out the summons and the return thereon in the principal suit, stating that the person who made said return was the sheriff of Marion county during the entire year 1905; that said Michael C. Shea had full, personal knowledge concerning said suit after it was instituted, and before the default therein was taken; that after the suit was instituted, and more than a week before the default, said Shea and William P. Lockwell called upon the affiant at his home in Wells county, and talked with affiant concerning the suit, and requested affiant to delay taking judgment therein, and to defer action in the matter until they could call a meeting of the board of directors of said corporation for the purpose of taking some action in regard to the suit, and asked affiant if an adjustment could not be had. These statements in the affidavit of the appellee were corroborated by the affidavit of Henry Warner.

There were also affidavits of Bryan Whitner and Benjamin F. Faust, stating facts showing that said Shea visited Wells county and had knowledge of the pendency of the suit about November 15, 1905. Though affidavits of Shea and Lockwell were filed, as before stated, there was no affidavit conflicting with the statement in the counter-affidavits showing the visit of Shea to Wells county and his conversation there, narrated in the counter-affidavits.

It is provided by §319 Burns 1908, Acts 1893, p. 152, that "the process against either a domestic or foreign corporation may be served on the president, presiding officer, chairman of the board of trustees, or other chief officer (or if its chief officer is not found in the county, then upon its cashier, treasurer, director, secretary, clerk, general or special agent)."

In the case at bar the return of the sheriff showed that the summons was served upon the corporation, defendant, represented in this proceeding by the appellant, by reading the writ in the presence and hearing of the secretary named of that corporation, and by delivering to him a true copy of the writ, "he being the highest officer of said company found within my bailiwick." In the case of *Hite* v. *Fisher* (1881), 76 Ind. 231, it was held that under the provision of the code for the relief of a party having a defense from a judgment taken against him by default through his mistake, inadvertence, surprise or excusable neglect, and on whom a valid service of summons was shown by the sheriff's return, might show for the purpose of setting aside such default and judgment that he had no actual knowledge of the institution of the action or procedure against him, and therefore was excusable for neglecting to appear and make his defense. But this inquiry or showing did not extend to the denial of the truth of the return, or involve the jurisdiction of the court over the person defaulted.

In the case of *Nietert* v. *Trentman* (1886), 104 Ind. 390, the court followed the conclusion reached in the case of *Hite* v. *Fisher, supra,* as to what may be shown as an excuse for not promptly appearing in obedience to a summons, and held that under the provision of §405, *supra,* the "older rule as to the conclusiveness of sheriffs' returns ought to be enforced in the light of that section of the statute." And it was said: "The object of this proceeding is neither to set aside the service of the summons, nor to question the jurisdiction which the circuit court acquired over the appellant in virtue of the sheriff's return, but is simply and only to have a default taken against the appellant during the progress of the cause set aside upon the ground that up to that time he had no actual knowledge of the pendency of the action against him, and that hence his neglect in not appearing in time to make his defense was excusable."

The return of the sheriff in this case was sufficient
2. to confer jurisdiction upon the court. *Fort Wayne Ins. Co.* v. *Irwin* (1899), 23 Ind. App. 53.

The application of the appellant for the setting aside of the default and judgment, and for permission to defend upon the merits, proceeds upon the theory that the court
3. had jurisdiction of the defendant. No complaint is made to set aside the judgment because of fraud in obtaining it, or to set aside the service of the summons, or to set aside the judgment as void for any reason; but the appellant asks relief and permission to defend, on the ground of excusable neglect arising from the alleged ignorance of the president of the corporation of the pendency of the action before the rendition of the judgment. It is claimed that it was the duty of the sheriff, under the circumstances, to serve the summons upon the president of the corporation, but this cannot be treated as an attack upon the jurisdiction of the court which is conclusively established by the sheriff's return, although, in fact, there may have been no service. *Nietert* v. *Trentman, supra; Shepherd* v. *Marvel* (1896), 16 Ind. App. 417; *Colb* v. *Raisor* (1897), 17 Ind. App. 551; *Knowlton* v. *Smith* (1904), 163 Ind. 294. It is, in fact, admitted that there was such service upon the corporation as gave the court jurisdiction over it, but it is contended that as the statute required the sheriff, under the facts stated, to serve notice on the president instead of the secretary, and as the officer who should have been served had no knowledge of the pendency of the action, the corporation should be regarded as having an excuse for failure to appear. If, for the purpose of admitting such an excuse, the sheriff's return may be contradicted to the extent of regarding the service as invalid under the statute requiring service upon the president under the existing circumstances, yet it cannot be admitted for the purpose of ousting the jurisdiction of the court. But if the actual failure to serve the proper officer of the corporation, together with the actual ignorance of the pendency

of the suit, could be a sufficient excuse for failure to appear, yet the persuasive showing made by the appellee in this case, tending to show knowledge on the part of the president of the corporation of the pendency of the action long before the taking of the default, presented a question of fact, the settlement of which was exclusively for the trial court. *Masten* v. *Indiana Car, etc., Co.* (1900), 25 Ind. App. 175, and cases cited.

Therefore, regarding, as we must, the jurisdiction of the court which rendered the judgment as established, and it not appearing that the officer who should have been served had no actual knowledge of the suit before default, excusable neglect is not shown, as required by our statute.

Having decided that no excusable neglect appears, it is unnecessary to inquire whether a sufficient defense on the merits was indicated in the appellant's application. *Heaton* v. *Peterson* (1892), 6 Ind. App. 1.

Judgment affirmed. .