## HARTFORD FIRE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, v. APPLEBAUM.

### [No. 10,108.   Filed December 9, 1919.]

1. PROCESS.—*Sheriffs and Constables.—Special Deputies.*—A sheriff has power to appoint a person to serve a particular summons, and the fact that such person is not appointed as a general deputy and does not take the oath of deputy sheriff does not of itself render invalid service so made.   p. 517.

2. JUDGMENTS.—*Default.—Relief.—Excusable Neglect.*—Where the service of summons is sufficient and the return thereof unquestioned, a foreign corporation cannot urge as ground for relief from judgment by default under §135 of the Code of Civil Procedure, §405 Burns 1914, that its agent upon whom the summons was served and one of whose duties was to forward immediately copies of any process served upon him as agent of the company, had neglected to do so.   p. 517.

3. APPEAL.—*Application For Relief From Judgment by Default.—Presumptions On Appeal.—Evidence.—Review.*—The same presumptions will be indulged in on appeal in favor of the correctness of a decision in a proceeding to set aside a default on the ground of excusable neglect as in other appeals, and the appellate tribunal will not weigh the evidence.   p. 517.

From Greene Circuit Court; *Theo E. Slinkard*, Judge.

Application by the Hartford Fire Insurance Company of Hartford, Connecticut, against Phillip Applebaum for relief from a judgment by default.   From a judgment for defendant, the applicant appeals. *Affirmed.*

*Barger & Hicks* and *Davis & Davis,* for appellant.
*Slinkard & Vosloh, A. T. Mayfield* and *Oscar R. Shields,* for appellee.

Remy, J.—Application by appellant, under §135 of the Code of Civil Procedure (§405 Burns 1914, §396 R. S. 1881), for relief from a judgment taken against it by default. Appellee answered in denial, and a hearing by the court resulted in overruling the application. This action of the trial court is the only error relied upon for reversal.

Appellee concedes that the facts set forth in appellant's petition and supporting affidavits are sufficient to show a meritorious defense to the original action. The only question, therefore, for our consideration is whether or not, under the evidence, the failure of appellant to appear and defend was due to its mistake, inadvertence, surprise, or excusable neglect. On this issue the uncontradicted facts are that on February 7, 1917, appellee filed his complaint in an action on an insurance policy issued by appellant, which insured appellee against loss by fire of certain merchandise kept by appellee in a storeroom in the city of Jasonville, for one year from May 4, 1914, which merchandise was destroyed by fire on July 24, 1914; that on March 27, 1917, judgment by default was taken by appellee for the full amount of said policy and costs; that appellant is a foreign corporation with its principal offices in the State of Connecticut; that all of its business affairs in the State of Indiana are, and at all times were, conducted through certain general agents from their offices in Chicago, Illinois; that one Powell was at all times mentioned in appellant's petition the sole local agent of appellant in said city of Jasonville, and in the county

of Greene; that said Powell was only a recording agent with no authority to represent appellant in matters connected with litigation, except that it was his duty, when process was served upon him as agent of the appellant company, to forward immediately copies of process so served to appellant's general agency at Chicago.

The facts in controversy all go to the question of notice and process. The affidavit of appellant's said local agent definitely states that no summons citing appellant to appear and defend the said action was at any time served upon him, and that neither he nor appellant had any knowledge whatever of appellee's said action until after the default had been taken. On the other hand, appellee submitted, as a part of his evidence, what purported to be the original summons and return. It was in the usual form, and cited appellant to appear before the judge of the Greene Circuit Court on March 12, 1917, to answer to the complaint of appellee on said insurance policy; and the return which was made by the sheriff recited that service had been made on February 28, 1917, "by reading to and in the hearing of William Powell, agent" of appellant, "and by leaving a copy thereof with said agent." Indorsed on the summons just above the return were the words: "Served by reading this 28th day of Feb. 1917, Sam Bates." This evidence was supplemented by the verbal testimony of said Bates, which testimony was in substance that Bates, who was chief of police of the city of Jasonville, was not a sworn deputy sheriff, but was deputized by the sheriff of Greene county to serve this particular summons, and had served the same as directed by the sheriff, and that the service and return

had been made in all things as recited in the return which had been read in evidence.

The sheriff of Greene county had the power to appoint a person to serve this particular summons, and the fact that such person was not appointed 1-2. as a general deputy, and had not taken the oath of deputy sheriff, would not in itself render invalid the service thus made. *New Albany, etc., R. Co.* v. *Grooms* (1857), 9 Ind. 243; *Proctor* v. *Walker* (1859), 12 Ind. 660; *Earle* v. *Earle* (1883), 91 Ind. 27, 38. Therefore, the service by Bates, if made as shown by appellee's evidence, was a valid service of summons. The method of return and the proof of service were not questioned by motion to quash the summons or otherwise. Appellant in its application admits that one of the duties of the local agent was "to forward immediately copies of any process served upon him as agent of the company." If such agent neglected to perform this duty, appellant cannot now complain.

It has many times been held that, on appeal from a decision of the trial court in a proceeding to set aside a default on the ground of excusable neglect, 3. the same presumptions will be indulged in favor of the correctness of such decision as in other appeals, and that the appellate tribunal will refuse to weigh the evidence. *Williams* v. *Grooms* (1890), 122 Ind. 391, 24 N. E. 158; *Groff* v. *Warner* (1909), 44 Ind. App. 544, 89 N. E. 609.

There was evidence to sustain the decision of the trial court. Judgment affirmed.