STANDARD DEVELOPMENT COMPANY *v.* BROZ ET AL.

[No. 13,790.   Filed November 13, 1929.]

*Lester C. Morris* and *Omer S. Whiteman,* for appellant.
*L. Russell Newgent,* for appellee.

NEAL, J.—The appellant, plaintiff below, instituted this action by filing a complaint in two paragraphs, the first on the theory of conversion, the second, on trespass. The appellees, defendants, answered by a general denial and an affirmative answer. The court found the facts specially and stated a conclusion of law favorable to appellees. The error assigned arises on the exception to the conclusion of law.

The special finding discloses the following facts: That the appellant, a corporation, on April 12, 1929, was the owner of certain personal property described in the complaint of the value of $160; that the property was located in Center township, Marion county, Indiana; that, on the above-named date, Edward L. Dietz was the justice of the peace of Center township, and appellee Frank Hawkins was the duly elected and qualified constable of Center township and acting in such capacity out of the court of Edward L. Dietz; that, on April 12, 1929, a complaint in replevin was filed before Edward L. Dietz, justice, wherein the Service Loan and Discount Company, as plaintiff therein, claimed to be entitled to the possession of certain property, which was then in the possession of the defendant in said action, the Standard Development Company, it being the plaintiff.

below in this action; that, upon the filing of the complaint in replevin, a bond double the value of the property was filed and approved by the justice, and thereupon the justice issued a writ of replevin commanding a constable to take immediate possession of the property, describing the same in the writ, and forthwith deliver the same to the plaintiff in the replevin suit; the writ of replevin was delivered to Frank Hawkins, defendant in the case (appellee herein), as constable, for service and seizure; that Hawkins was unable to personally serve the writ, and he thereupon deputized and appointed the codefendant Frank Broz (appellee herein) to serve the writ of replevin; that the appointment was for this specific, designated service and not as a general deputy; that Frank Hawkins, at the time of appointing Broz to serve the writ, delivered the writ to Broz, who was, at the time, a citizen, resident and voter of Center township; that Broz, pursuant to the writ and appointment, personally served the same on the Standard Development Company, and took possession of the property called for in the writ and described in the complaint in replevin, and delivered the same to the Service Loan Company, plaintiff in the replevin suit; that Broz notified the Standard Development Company of the pendency and trial of the replevin action; that the property so seized by Broz under the writ is of the value of $160; that the property was seized over the protest of the Standard Development Company; that Frank Broz, in seizing and taking possession of the property, was not a constable other than by special appointment for service of the specific writ of replevin; that Broz acted in good faith, without malice and in compliance and in conformity to the writ of replevin, and made his return thereon of service, verified under oath to the justice of the peace.

Appellant contends that the Legislature in 1925 (Acts

1925 p. 401), in amending §1 of an act approved May 13, 1852, entitled "An act providing for the appointment of deputies for certain officers, and prescribing their duties and liabilities," as amended by acts approved March 3, 1855, does not include therein any authority for a constable to appoint a deputy (see §11619 Burns 1926); that, in the absence of statutory authority, a constable has no power to appoint a deputy constable; that no fact is found that Broz ever filed a bond, and further, the facts do not disclose that Broz ever took an oath of office; therefore, he cannot be a *de facto* officer. Appellee admits that there is no statutory power for the appointment of a deputy constable.

In this case, appellee Frank Hawkins, the duly elected, qualified and acting constable of Center township was unable to serve the writ in replevin. He did not attempt to appoint Broz a general deputy constable, but only designated Broz as his agent to serve the writ of replevin.

Under the common law, the bailiff had the right and power to appoint another to do a particular act if the act to be performed was within the power of the regularly appointed or elected bailiff. In the case of *New Albany, etc., R. Co.* v. *Grooms* (1857), 9 Ind. 243, the question under consideration came before the court and the court held that service made by William Craft, a private citizen, was entirely proper, Craft having been appointed by Bushrod W. Cain, constable for that particular service. The court said: "A sheriff's deputy, or bailiff, may empower another to do a particular act, and the act, if it be one within the power of the deputy or bailiff, and be performed pursuant to the authority, is valid. . . . The power thus shown to exist in deputies, etc., is of common-law origin; and we know of no statutory provision abrogating it in Indiana. And if it exists in bailiffs, it must, we think, belong as

legitimately and properly to constables. . . . We think the service upon the conductor was good."

The doctrine announced in the case of *New Albany, etc., R. Co.* v. *Grooms, supra,* has been approved by the Supreme and Appellate Courts in the following cases: *Proctor* v. *Walker* (1859), 12 Ind. 660, *Earl* v. *Earl* (1883); 91 Ind. 27, and *Hartford Fire Ins. Co.* v. *Applebaum* (1919), 71 Ind. App. 514, 125 N. E. 237. In the last-named case, the court said: "The sheriff of Greene county had the power to appoint a person to serve this particular summons, and the fact that such person was not appointed as a general deputy, and had not taken the oath of deputy sheriff, does not in itself render invalid the service thus made."

We are of the opinion that it was not the intention of the Legislature in amending the first section of an act approved May 13, 1852, heretofore mentioned, to abrogate the power given by the common law to a sheriff, deputy, bailiff or constable to appoint a deputy for a particular service, when the act to be performed would be perfectly valid if performed by the regularly appointed or elected constable.

In this particular case, appellee Broz became the agent of appellee Hawkins in serving the writ of replevin. If the service had been wrongfully made and Broz had committed some tort in the performance of the service of the writ of replevin, then his act would have been the act of Hawkins, and appellee Hawkins would undoubtedly be liable in damages to the injured party. Appellee Frank Broz became a deputy *pro hac vice* to execute a particular writ in this particular action and he acted under a specific appointment and not a general appointment. It necessarily follows under the facts in this case that appellant was not entitled to recover upon either paragraph of his

complaint. See 35 Cyc. 1517, and authorities cited. Judgment affirmed.