## Shepherd v. Marvel.

[No. 2,137.    Filed December 3, 1896.]

JUDGMENT.—*Complaint to Set Aside Default.—Sheriff's Return not Conclusive.*—In a proceeding under section 399, Burns' R. S. 1894, to set aside a default and to be relieved from a judgment, the plaintiff may show that the summons was not in fact served upon her, and that she had no notice of the pendency of the action against her, notwithstanding the fact that the sheriff's return shows service by copy at her residence.

SAME.—*Relief From Judgment Taken by Default, After Sale.*—The mere fact that a sale had been made under a judgment and the judgment satisfied of record, does not deprive one against whom the judgment was taken, of relief under section 399, Burns' R. S. 1894.

PLEADING.—*Demurrer.—Harmless Error.*—Sustaining a demurrer to a bad pleading is harmless error, although the demurrer is insufficient to test the pleading.

From the Sullivan Circuit Court.    *Affirmed.*

*J. T. Hays* and *J. H. Drake*, for appellant.

*John S. Bays* and *Silver Chaney*, for appellee.

VOL. 16—27

GAVIN, J.—Appellee filed her complaint to have a default set aside and to be permitted to answer and defend against the complaint of appellant, under section 399, Burns' R. S. 1894 (396, Horner's R. S. 1896).

She showed a good defense to his complaint and that while summons had been regularly issued for her and returned, duly served by copy, at her residence, yet the sheriff had in fact left the copy at her son's residence instead of her own, the son being a co-defendant, and the officer acting under the belief that it was the son's wife who was named therein.

Appellee's ignorance of the pendency of the proceedings and her prompt action upon learning thereof are properly averred.

Appellant contends that appellee is estopped by the sheriff's return from asserting that she was not in fact served, even as a basis for relief for excusable neglect. *Nichols* v. *Nichols*, 96 Ind. 433, and cases cited therein, are urged in support of this position.

In so far, however, as they do sustain the contention, they are overruled by the later case of *Nietert* v. *Trentman*, 104 Ind. 390, where, after full consideration, it was held that while the sheriff's return is conclusive to establish the fact of service, so far as to confer jurisdiction of the person of the defendant, yet that "under the statute, for the purpose of rendering an excuse for not appearing and defending the action, the defaulted party may show that the summons was not in fact served upon him, and that, hence, he had no knowledge of the action."

There is no room for distinction in any material feature between that case and this.

Counsel press *Cully* v. *Shirk, Exr.*, 131 Ind. 76, as establishing a different doctrine and being similar to the case in hand. We do not so read it. There, no relief was sought for excusable neglect with a showing of

good defense and a request for opportunity to make it, as we have here, but it was simply demanded that the judgment be declared null and void for want of jurisdiction of the person of the defendant.

The 104 Ind. case is referred to with tacit approval in *Thompson* v. *McCorkle*, 136 Ind. 484, and has not been, so far as we are advised, in any manner limited or disapproved.

Appellant set up by way of answer that at the time of the institution of this suit execution upon the judgment had duly issued, upon which, before the filing of the paragraph of complaint here relied on, real estate of appellee was duly sold and the execution returned satisfied. It is urged that because the judgment was thus satisfied of record this proceeding can not be maintained.

In the absence of any averment to the contrary, we might presume that appellant was himself the purchaser at this sale. There is nothing to show that he or the purchaser, whoever he may have been, was ignorant of the true state of the facts relative to the service of the summons.

The mere fact that a sale had been made under the judgment would not deprive her of relief. See *Dickerson, Admr.,* v. *Davis,* 111 Ind. 433; *Nash* v. *Cars,* 92 Ind. 216, where relief was granted after sale.

If the proper parties were not in court that should have been made to appear by the answer. Section 346, Burns' R. S. 1894 (343, Horner's R. S. 1896).

It cannot be said that appellee was negligent in not taking steps to prevent the sale, and should, therefore, be denied her day in court in the absence of any showing that appellant, or anyone else, was in any way misled by her conduct. The first and second paragraphs of the complaint to which demurrers were sustained, and which were filed before the third, upon

which judgment was rendered, were abundantly suffi-
cient to apprise appellant of appellee's rights.

The demurrer to the answer having been sustained,
and the answer being bad, it cannot avail appellant,
even though the demurrer was itself insufficient to
properly test the answer. *Blue* v. *Capital Nat. Bank*
145 Ind. 518; *Bell* v. *Hiner, ante,* 184, and cases there
cited.

Judgment affirmed.