## KOLB *v.* RAISOR ET AL.

[No. 2,185.   Filed May 20, 1897.]

JUDGMENT.— *Default Set Aside.— Defendant's Excusable Neglect.— Statute Construed.*—Under section 399, Burns' R. S. 1894, making it obligatory upon the court to relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect, a judgment by default will be set aside where it is shown that although the summons was left at defendant's usual place of residence, he in fact had no notice or knowledge thereof. *pp. 555, 556.*

EXEMPTION.—*Disposition of Exempt Property Not Fraud.*—A debtor's disposition of property exempt to him as a householder cannot be fraudulent as to his creditors. *p. 557.*

SAME.—*Exemption Statutes Liberally Construed.*—The constitutional provisions relating to exemptions, and the statutes founded thereon are based upon considerations of public policy and humanity, and are not alone for the benefit of the debtor, but for his family as well, and should be liberally construed. *p. 558.*

From the Kosciusko Circuit Court.   *Affirmed.*

*C. D. Sherwin, F. E. Baker* and *C. W. Miller,* for appellant.

*J. C. McLaughlin* and *S. J. North,* for appellees.

COMSTOCK, C. J.—This was an action brought by appellant, plaintiff below, against the defendants (appellees) in attachment and garnishment, in the circuit court of Kosciusko county, Indiana, at the September term, 1895.   The complaint and affidavit in attachment and garnishment were filed with the clerk of

said court, on the 5th day of August, 1895, and by the clerk a writ of attachment and garnishment were duly issued and placed in the hands of the sheriff of said county for service. The return of the sheriff to the summons on Samuel Raisor is as follows: "Came to hand August 5, 1895. Served this writ by leaving certified copy, thereof at the residence of the within named defendant, August 5, 1895. Henry M. Stoner, Sheriff."

By said summons the defendant was notified to appear and answer said complaint and affidavit in attachment and garnishment on the 2d day of the September term of said court. By the record of said court it is shown that said summons and writ was served more than ten days prior to the first day of said term. Afterwards, on the 3d day of September, 1895, the same being the second judicial day of said September term, 1895, of said court, the plaintiff, by his attorneys, appeared, and on the default of said defendant, Samuel Raisor, and upon the answer of the garnishee defendant, the cause was submitted to the court for trial, and the court rendered judgment thereon. Afterwards, to-wit: on the 3d day of December, 1895, the said defendant, Samuel Raisor, filed a written motion to set aside the default and judgment theretofore entered against said Raisor, and Jeremiah Vail, as garnishee defendant.

In his said motion or complaint, appellee did not claim that there was any infirmity in the record of the original judgment. The record was not attacked. He denied the allegations of the fraudulent disposition of his property and money, which was the ground of the attachment and garnishment, alleged that all property and money disposed of by him was used in the legitimate payment of his honest debts; that at the time of the filing of said affidavit in attachment

he was not about to dispose of any property whatever subject to execution, and that at said time he was and still is a resident householder of the State of Indiana, residing with his wife and children in Kosciusko county, Indiana, and was entitled to an exemption of $600.00, under the law of the State of Indiana, and that he had, at said time, no property whatever subject to execution; that all his property, real and personal, and choses in action, both within and without the State of Indiana, of every kind and character whatever, held and owned by him and in which he had any interest, was less than $600.00 in value, and exempt from execution.

Appellant demurred to the motion, for the reason that it did not state facts sufficient to set aside the default and judgment. The court overruled said demurrer, to which appellant excepted. The cause was submitted to the court on motion, pleading and proofs, and a judgment rendered setting aside the judgment theretofore rendered in said cause, to which appellant excepted. Afterwards, to-wit: February 20, 1896, appellant answered by general denial appellee's motion. Appellee demurred to plaintiff's complaint, which demurrer was overruled. Appellee then filed his answer in two paragraphs to the complaint. First, general denial, second, payment. And his answer is in two paragraphs to the affidavit in attachment and garnishment, the first paragraph being a general denial. In the second, appellee avers that he had no property subject to execution at the commencement of the suit; that in January, 1895, he and his brother-in-law, John Bushong, each borrowed from the father of appellee $500.00 with which they purchased a stock of groceries in the town of Syracuse, Kosciusko county, Indiana; that when he borrowed said money he had no property but some wearing apparel worth

not to exceed $25.00; that in the middle of July, 1895, appellee sold out his interest in said grocery to Bushong, who agreed to pay all of said firm debts; that July 31, 1895, Bushong sold said grocery to one William Ruple for $665.00, and turned over to appellee one-half of said amount in payment of his interest; which amount was part in money and part in notes, and all of which appellee turned over to his said father in part payment of his indebtedness to him for said borrowed money; that the note referred to in appellant's affidavit in garnishment and attachment was one of the notes so turned over to his father; that since then he has had no money or property, except what he received for his labor, and which he has expended for the necessary support of his family, and that he claims that all said property was and is exempt from execution, attachment and other legal process.

He files with said answer a schedule of his property.

Appellant moved to strike out the schedule and all answers of appellee, which motion was overruled and said ruling excepted to. The appellant filed a reply. The cause was submitted to the court and a finding made for appellee. Appellant filed a motion in arrest of judgment, which motion was overruled and said ruling excepted to, and judgment rendered in favor of defendant for costs. The appellant then offered to introduce parol evidence upon the motion of defendant to set aside default and judgment, and the court refused to hear said evidence, to which ruling appellant excepted.

The errors assigned are, that the court erred in overruling appellant's demurrer to appellee's motion to set aside the default and judgment; (2) in allowing appellee to file his answer to the original cause of action; (3) in allowing appellee to file his schedule of

property as against the original cause of action; (4) in not permitting appellant to have his witnesses sworn and to prove by parol that appellee, Raisor, had due and proper notice of the original cause of action as shown by the records in said cause and as read and approved in open court.

In support of the first assignment of error, overruling appellant's demurrer to appellee's motion to set aside default and judgment, appellant calls attention to the fact that it does not assail the record, admits that he lived with his wife and children within the jurisdiction of the court, and that his only purpose was to enable him to claim his exemption, which he waived by not appearing to the attachment and garnishment proceedings, claiming that he left his residence August 5, 1895, the day on which the summons was left at his residence, and went to Fort Wayne, Indiana, a distance of thirty-five miles, and there remained until the 13th of September. Appellant's counsel comments upon the absence of any averment in the motion that appellee was not in direct communication with his wife, or that it was impossible to get any word to him of the proceedings pending against him.

The application was made under section 396, R. S. 1881. It does not call in question the record or acts of the sheriff, but shows that when service was had appellee was absent from home, and did not return until after judgment was rendered against him, and that he had no knowledge from any source whatever of the pendency of the suit. He, therefore, did not have what the law gives to every one against whom legal proceedings are instituted—his day in court. This was not the fault of the sheriff, nor of the manner in which process was served, nor of the return of the officer, nor of any irregularity of the proceedings of

the court, nor infirmity of the record, and the motion is not based upon such theory.

Section 396, R. S. 1881, *supra*, makes it obligatory upon the court to relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect, and supplying an omission in any proceedings on complaint or motion filed within two years.

It is held in *Nictert* v. *Trentman*, 104 Ind. 390, that while a sheriff's return is conclusive to establish the fact of service so far as to confer jurisdiction of the defendant, yet that, under the statute, for the purpose of rendering an excuse for not appearing and defending the action, the defaulted party may show that the summons was not in fact served upon him, and that hence, he had no knowledge of the action.

The decision is cited and followed in *Shepherd* v. *Marvel*, 16 Ind. App. 417, a case in all its essential features like *Nietert* v. *Trentman*, *supra*.

In *Clough* v. *Moore*, 63 N. H. 111, the court held that upon motion to vacate a judgment by default, the defendant may show that he had no actual notice or knowledge of the suit, although a summons was left at his usual place of abode by the officer, and that fact was stated in the officer's return upon the writ.

We think that the facts averred show excusable neglect. He could not, as claimed by appellant's counsel, have waived his right to an exemption by not appearing to the attachment and garnishment proceedings. He could not be held to have waived, because a waiver implies a knowledge, which he denies having had. See, also, *Zerger* v. *Flattery*, 83 Ind. 399; *Clandy* v. *Caldwell*, 106 Ind. 256; *Moon* v. *Jennings*. 119 Ind. 130.

As to the second assignment of error, the allowance of appellee to file his answer to the original cause of

action, the substance of which has hereinbefore been stated, appellant claims that said answer alleged that the note garnisheed in the original action was partnership property, and that the said note and all his property was exempt from execution, and as a part of said answer, a schedule of his property and the claim for exemption were filed. Appellant contends that as to the claim that the note was partnership property the court had determined that question in the original cause of action, and the finding was final and conclusive between the parties. Appellant's affidavit contained allegations of fraudulent transfer of property by appellee. The answer of appellee shows that the note was not his property; that one-half of it had been assigned to him in part payment of a debt owing to him by his former partner; that he and his former partner had assigned it in payment of borrowed money, and that the partnership had ceased when he sold out to his former partner, Bushong, who had assumed the payment of the partnership debts. It was proper for appellee to present a schedule of his property to show that it was not subject to execution. Being within the $600.00 allowed by statute to a resident householder, it was beyond the reach of creditors, and his disposition of it could not be a fraud upon them. *Phenix Ins. Co.* v. *Fielder*, 133 Ind. 557.

As to the fourth assignment, error of court in not permitting appellant to prove by parol evidence that appellee had due notice of the original cause of action, we deem it necessary only to say, that the first bill of exceptions of appellant sets out the action of the court, and shows an adjudication of the issue on the motion to set aside the default and judgment. The evidence was heard in the form of affidavits introduced by appellant and appellee. After the filing of the affidavits, appellant filed a demurrer to the appel-

lee's motion, which demurrer the court overruled and sustained the motion to set aside the default and judgment, and rendered judgment to that effect. So that the court passed upon the demurrer before passing upon the evidence.

The constitutional provision relating to exemptions, and statutes founded thereon were designed as a protection to poor and destitute families. They are based upon considerations of public policy and humanity, and are not alone for the benefit of the debtor, but for his family as well. Such statutes should be liberally construed. The record shows the appellee to be entitled to its benefits. *Wilson* v. *Joseph*, 107 Ind. 490; *Coppage* v. *Gregg*, 1 Ind. App. 112; *Kestler* v. *Kerm*, 2 Ind. App. 488; *Eisenhauer* v. *Dill*, 6 Ind. App. 188; *Green* v. *Simon*, ante 360.

We find no error. Judgment affirmed.