## SMITH ET AL. v. AMERICAN CRYSTAL MONUMENT COMPANY ET AL.

[No. 19,917. Filed November 25, 1902. Motion to reinstate overruled February 25, 1903.]

APPEAL.—*From Appellate Court.—Record.—Affidavit.*—In an appeal from the Appellate to the Supreme Court, on the ground that the amount in controversy exceeds $6,000, an affidavit as to the amount in controversy, which was filed in the Appellate Court, is no part of the record and will not be considered. *pp. 142, 143.*

SAME.—*From Appellate Court.—Jurisdiction of Supreme Court.—Amount in Controversy.*—Under §10, clause 3 of the act of 1901 (Acts 1901, 565), providing for appeals from Appellate to Supreme Court in

certain cases, the words "amount in controversy" refer only to money demands and money judgments. *p. 143.*

From Hamilton Circuit Court; *J. F. Neal,* Judge.

Suit by Henry R. Smith and others against American Crystal Monument Company and others. From a judgment for defendants, plaintiffs appealed to Appellate Court, where the judgment of trial court was affirmed (29 Ind. App. 308). Appealed to Supreme Court, under clause 3 of §1337j Burns 1901. *Appeal dismissed.*

*S. M. Unger,* for appellants.

*I. W. Christian, W. S. Christian* and *E. E. Cloe,* for appellees.

HADLEY, C. J.—Appellants, plaintiffs below, having been unsuccessful in both the circuit and the Appellate Court, prosecute the appeal. The governing statute is in these words: "The jurisdiction of the Appellate Court shall be final, except under the following conditions: \* \* \* (3) In any case decided by either of said divisions of the Appellate Court any losing party shall have the right to appeal to the Supreme Court, only when the amount in controversy, exclusive of costs and interest on the judgment of the trial court, exceeds $6,000." Acts 1901, p. 565, §10, §1337j Burns 1901.

Accompanying the record is the affidavit of an attorney for the appellants, to the effect that the amount in controversy, exclusive of interest and costs, exceeds $6,000. The complaint upon which the case was tried is in two paragraphs. The first seeks and prays specific performance, possession of real estate, and the quieting of title, but asks no money judgment. The second prays judgment for possession of real estate, and for $1,000 as damages for withholding the same. Neither paragraph discloses the value of the land sought to be recovered. We are thus called upon to decide what is meant by the term "amount in controversy," as employed in the statute. It is plain that the

statute makes the jurisdiction of this court depend upon the existence of a particular fact, to wit, that the amount in controversy shall exceed $6,000, and it is also plain that this jurisdictional fact must appear affirmatively from the record. We have no power to entertain an issue presented in this court for the first time, and receive extrinsic evidence to ascertain whether we may or not proceed to determine the appeal. Under the act of 1901, of which the section quoted is a part, appeals from the Appellate Court to this court as of right are limited to the class of cases therein specified; and it is the settled rule—certainly in this State —that where the law expressly limits jurisdiction the record must show upon its face that the case is within the limitation, or the court will have no power to act. *Jolly* v. *Ghering,* 40 Ind. 139; *Newman* v. *Manning,* 89 Ind. 422; *Wilkinson* v. *Moore,* 79 Ind. 397, 400; *Clayborn* v. *Tompkins,* 141 Ind. 19, 22; *Davenport Mills Co.* v. *Chambers,* 146 Ind. 156, 159. This record does not show this case to be within the appealable class: (1) Because we can not accept the affidavit as evidence of the amount in controversy, and (2) if we could accept it as evidence of the value of the land sued for, it would not sustain the appeal.

The language of the statute is "when the amount in controversy, exclusive of interest on the judgment of the trial court." Both phrases, "amount in controversy" and "interest on the judgment," import a controversy measurable in a sum of money, and can refer to money judgments only. These terms applied to controversies and judgments relating to the possession and ownership of property would be meaningless. As here, the gravamen of the action is for the recovery of land, with incidental damages for its detention; and it is the ownership of the land—the right of possession to the thing itself, and not its value—that is in controversy. We are therefore constrained to hold that money demands and money judgments only exceeding $6,000 are appealable to this court under the third clause of said §10,

*supra,* and that all final decrees and judgments involving ownership or right of possession to property, unaccompanied by a *bona fide* demand, where the plaintiff appeals, or a money judgment for more than $6,000 where the defendant appeals, are reviewable by this court under clause 3 of said §10, *supra,* and not otherwise.

It may be said that when a plaintiff sues to recover money, and the defendant denies his right to recover any amount, then, on appeal by an unsuccessful plaintiff, the amount demanded in good faith is the amount in controversy; but, when there has been a partial recovery, on appeal by the defendant the amount of the judgment is the amount in controversy. *Morton Gravel Road Co.* v. *Wysong,* 51 Ind. 4.

Appeal dismissed.