## BURKE ET AL. *v.* BARRETT ET AL.

[No. 20,209.    Filed November 18, 1903.]

APPELLATE COURT.—*Appeal to Supreme Court.*—The "amount in controversy" as used in clause 3, §1337j Burns 1901 which provides that in cases decided by the Appellate Court the losing party may appeal to the Supreme Court when the amount in controversy, exclusive of costs, etc., exceeds $6,000, relates only to money demands and money judgments, and no right of appeal is given by said statute from a judgment merely partitioning real estate between the parties.

From Vigo Circuit Court; *J. E. Piety,* Judge.

Suit by Richard Barrett and others against Mary Burke and others for partition. From a judgment for plaintiffs, defendants appealed to the Appellate Court where the cause was reversed (31 Ind. App. 635), and plaintiffs appeal to Supreme Court, under clause 3, §1337j Burns 1901. *Appeal dismissed.*

*H. J. Baker* and *L. D. Leveque,* for appellants.
*D. W. Henry, G. M. Crane, D. V. Miller, A. L. Miller, H. S. Miller* and *H. S. Wallace,* for appellees.

HADLEY, J.—This is an appeal from the second division of the Appellate Court under clause 3, §1337j Burns 1901, which reads as follows: "In any case decided by either of said divisions of the Appellate Court any losing party shall have the right to appeal to the Supreme Court, only when the amount in controversy, exclusive of costs

and interests on the judgment of the trial court exceeds $6,000."

This action is by appellees against appellants for the partition of real estate. The suit involved simply the parting of real estate between tenants in common, and the controversy rested upon the proper construction to be given to the will of John Barrett, deceased. There was no money demand nor money judgment in the case. The judgment appealed from to the Appellate Court is one decreeing partition between the parties as made and reported by the commissioners appointed for that purpose. This court has held that the "amount in controversy," as used in the above statute, relates only to money demands and money judgments. *Smith* v. *American, etc., Co.,* 160 Ind. 141. The appeal therefore can not be entertained.

Appeal dismissed.