Knowlton v. Smith.

## KNOWLTON v. SMITH.

[No. 20,396. Filed October 4, 1904.]

APPEAL AND ERROR.—*Amount in Controversy.*—Where an action is brought to enforce a mechanic's lien, and the amount recovered was $42.50 exclusive of costs, an appeal lies to the Appellate Court notwithstanding Acts 1903, p. 280, regulating appeals to the supreme and appellate courts. *pp. 296-298.*

STATUTORY CONSTRUCTION.—*Acts 1903, p. 280.*—Section 1337f Burns 1901 (Acts 1901, p. 565, §6), providing that "no appeal shall hereafter be taken to the Supreme or to the Appellate Court in any civil case which is within the jurisdiction of a justice of the peace, except as provided in section eight of this act," and section eight, providing in substance that appeals will lie in all cases where there is brought in question the validity of a franchise, or of an ordinance, the constitutionality of a statute, state or federal, or the construction of a statute, as amended by the act of 1903 (Acts 1903, p. 280), providing that "no

appeal shall hereafter be taken to the Supreme Court or Appellate Court in any civil case where the amount in controversy, exclusive of interest and costs, does not exceed $50, except as provided in section eight of this act," do not deny the right of appeal in an action to foreclose a mechanic's lien where the amount of recovery was only $42.50, since the gravamen of such action is the foreclosure of the lien, and such judgment was appealable under the Act of 1901, the purpose of the amendment being to broaden the right of appeal and not to abridge it. *pp. 298–300.*

JUDGMENT.—*Setting Aside Default.*—*Notice.*—Where the defendant resided in P. township, and he was served by leaving a copy at the residence of W. at the town of D., which was not his residence, and a judgment by default taken against him without any actual notice, and the defendant upon learning of said judgment, at the same term of court filed his affidavit to set aside such judgment, setting out such facts together with a meritorious, defense thereto, he shows a good cause of "excusable neglect" under §399 Burns 1901, providing for setting aside judgments by default in case of accident, surprise, or excusable neglect, at any time within two years. *pp. 299–301.*

From Jay Circuit Court; *J. M. Smith*, Judge.

Action by John W. Smith against Charles F. Knowlton to foreclose a mechanic's lien. From a decree for plaintiff, the defendant appeals. Transferred from Appellate Court under §1337u Burns 1901. *Reversed.*

*J. J. Moran*, for appellant.
*O. H. Adair* and *J. F. LaFollette*, for appellee.

JORDAN, C. J.—Appellee instituted an action in the Jay Circuit Court in February, 1903, against appellant to foreclose a mechanic's lien for work and labor performed on a certain building and fence situated in Dunkirk, Jay county, Indiana. Appellant failed to appear to the action, and on March 3, 1903, a judgment was rendered against him on default for $42.50, and a foreclosure of a mechanic's lien was decreed against the property described in the complaint. On the 22d day of March, 1903, at the same term of court, he filed his duly verified complaint to set aside the default, and to be relieved of the judgment which had been rendered against him. The application was based on §399 Burns 1901, §396 Horner 1901, which provides,

among other things, that the court "shall relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect," etc. Upon hearing the complaint, the court denied the prayer thereof, and refused to set aside the default, or in any manner to relieve appellant from the judgment rendered. He appeals, and seeks a review of the action of the court in denying him relief.

At the very threshold we are confronted with a motion upon the part of appellee to dismiss this appeal on the ground that the judgment rendered upon the default, exclusive of interest and costs, does not exceed $50, and therefore the appeal is forbidden by the provisions of an act of the legislature approved and in force March 9, 1903 (Acts 1903, p. 280). By this act, section six of an act approved March 12, 1901 (Acts 1901, p. 565, §1337f Burns 1901), was amended. Said section, as originally enacted, provided that "no appeal shall hereafter be taken to the Supreme Court or the Appellate Court in any civil case which is within the jurisdiction of a justice of the peace except as provided in section eight of this act." By the amendatory act of 1903, section six was changed to read as follows: "No appeal shall hereafter be taken to the Supreme Court or Appellate Court in any civil case where the amount in controversy, exclusive of interest and costs, does not exceed $50, except as provided in section eight of this act."

By the provisions of section eight—the same being §1337h Burns 1901—all cases which fall within the prohibition of section six as originally enacted, and as it now stands since. the amendment thereof, were, and are now, excepted therefrom in the following cases: Where there is a question duly presented involving either the validity of a franchise, or the validity of an ordinance of a municipal corporation, or the constitutionality of a statute, state or federal, or the proper construction of a statute. Such

cases, under section eight, are made exceptions to section six, and appeals therein are permitted to be taken direct to the Supreme Court, but, as section eight declares, "for the purpose of presenting such questions only."

Under the plain provisions of section six, as originally enacted, an appeal was denied in any case which came within the jurisdiction of a justice of the peace, unless it fell within some of the exceptions enumerated in section eight. The *gravamen* of the action wherein appellant was defaulted was to foreclose a mechanic's lien. That was the paramount issue, and the essential relief sought and obtained. Ascertaining the amount due to the plaintiff in the action for the work and labor performed upon the building and fence, and rendering judgment thereon, was but incidental to the principal relief demanded and secured, viz., the foreclosure of a mechanic's lien. *Field* v. *Brown* (1896), 146 Ind. 293, and cases cited.

Of course, in order to obtain a foreclosure of the lien, it was necessary for the plaintiff to be awarded a recovery at least of a part of the indebtedness secured thereby. An action to enforce a mechanic's lien is in the nature of a suit to foreclose a mortgage, and, under the laws of this State, is not one which comes within the jurisdiction conferred upon a justice of the peace. *Ainsworth* v. *Atkinson* (1860), 14 Ind. 538; *Snell* v. *Mohan* (1872), 38 Ind. 494; *Albrecht* v. *C. C. Foster Lumber Co.* (1890), 126 Ind. 318, and cases cited.

In fact, an action to foreclose a mechanic's lien is, under the statute, exclusively lodged in the circuit or superior court. §7259 Burns 1901. As jurisdiction to foreclose the lien in controversy was not within that conferred upon the justice of the peace, the right of appeal was not affected by the provisions of section six (§1337f, *supra*), as originally passed, therefore the case at bar belonged to the appealable class at and after the enactment of that section. Having reached this conclusion, the question then arises,

is the right of appeal cut off by the section as amended by the act of 1903? We are clearly of the opinion that this question must be answered in the negative. The purpose of this amendatory act evidently was to broaden the right of appeal, instead of further abridging it, as it existed at the time of the amendment.

Counsel for appellee earnestly contend that as the amount of money recovered in the action in which appellant was defaulted is shown by the judgment to be less than $50, and as the case does not fall within any of the exceptions of section eight, *supra,* an appeal therein to the Appellate Court is forbidden under the provisions of section six as amended. We have seen that under section six, prior to the amendment thereof, the denial of an appeal in a civil action was tested by the jurisdiction conferred by law upon a justice of the peace. By the section as amended, the right of appeal is denied "in any civil case where the amount in controversy, exclusive of interest and costs, does not exceed $50," except as provided in section eight. In all cases falling within the provisions of this section, where there is recovery awarded the plaintiff, with which he is satisfied, and there is no set-off or counterclaim, the judgment rendered in the lower court must be deemed and held on appeal to be the amount in controversy within the meaning of the section in question. *Cincinnati, etc., R. Co.* v. *McDade* (1887), 111 Ind. 23; *Ex parte Sweeney* (1891), 126 Ind. 583.

As previously asserted, the essential or primary purpose of the principal action was to foreclose a mechanic's lien and not solely for the recovery of money. Section six as amended must be construed as applying to civil cases wherein the essential or primary object is to recover a money judgment in the alleged cause of action. *Smith* v. *American, etc., Co.* (1903), 160 Ind. 141. This was the interpretation of the exception in §644 Burns 1901, §632 Horner 1901, whereby appeals were denied in actions originat-

ing before justices of the peace, where the amount in controversy, exclusive of interest and costs, did not exceed $50. *Hall* v. *Durham* (1888), 113 Ind. 327; *Parsley* v. *Eskew* (1881), 73 Ind. 558; *Duckworth* v. *Mosier* (1892), 4 Ind. App. 267; *Enders* v. *McDonald* (1892), 5 Ind. App. 297.

It is clear, we think, that the right of appeal in the principal action, of which the proceeding at bar is but an incident, is not cut off by the provisions of section six as amended. It follows, therefore, that the appeal herein was properly taken to the Appellate Court. *Parker* v. *Indianapolis Nat. Bank* (1891), 126 Ind. 595. The motion to dismiss is, therefore, overruled.

Appellee has neglected to file a brief in respect to the merits of this appeal, and has thereby subjected himself to the rule declared in *Berkshire* v. *Caley* (1901), 157 Ind. 1. We, however, pass his neglect in the matter without enforcing the rule in question.

In addition to the facts as previously stated, the following may be said to be undisputed in regard to appellant's neglect to appear at the proper time and defend the action. This suit was commenced by appellee on February 10, 1903. A summons therein for appellant was issued. He, at the time the action was commenced, and for several years prior thereto, resided in Penn township, Jay county, Indiana, and was not a resident of the town of Dunkirk, in that county. It appears that a copy of the summons issued in the cause was left for him by the sheriff at the residence of one George K. Wallace, in the town of Dunkirk, Richland township, in said county. This was the only attempt made to serve him with process, or to notify him of the pendency of said action. He was defaulted in said action on the 3d day of March, 1903, the same being the second judicial day of the Jay Circuit Court, of the March term of that year. Appellant in no manner received any actual notice of the pendency of said action until after the default, and the rendition of the judgment against him. It

was not until after he was defaulted, and the judgment in controversy rendered, that the sheriff for the first time notified him that a copy of the summons had been left for him at the residence of George K. Wallace at the town of Dunkirk, and this was the only information that he received that such copy had been left for him at the residence of the said Wallace. He, at no time before he was defaulted and the judgment rendered thereon, in any manner received any actual notice of the pendency of said action. Immediately after receiving information that a judgment had been rendered against him upon default, he filed his application herein at the March term, 1903, of the Jay Circuit Court, as hereinbefore stated.

It is shown that appellant has a meritorious defense to the action, which he desires to interpose, if permitted to defend. The purpose of this proceeding is not to question the jurisdiction acquired over appellant by the Jay Circuit Court in the main action by virtue of the sheriff's return to the summons, but the object is to set aside the default under the provision of §399 Burns 1901, and thereby be permitted to interpose his defense to the action. *Nietert v. Trentman* (1886), 104 Ind. 390; *Shepherd v. Marvel* (1896), 16 Ind. App. 417; *Kolb v. Raisor* (1897), 17 Ind. App. 551.

As stated, appellant had no actual notice of the pendency of the suit before judgment was rendered against him on default. This is the excuse under the facts and circumstances which he offers for his failure to appear at the proper time and defend the action. We are of the opinion that the facts present, under the statute, a case of excusable neglect, which entitles appellant to have the default in question set aside. The case falls clearly within the decision of this court in the case of *Nietert v. Trentman, supra*. In that case this court said: "As a practical question, we know of no better excuse for the nonappearance of a party at the proper time than that he had never in any way re-

ceived actual notice of the pendency of the suit. *Bertline* v. *Bauer* [1870], 25 Wis. 486; 3 Wait, Practice, 665. See, also, *Zerger* v. *Flattery* [1882], 83 Ind. 399." And see *Masten* v. *Indiana Car, etc., Co.* (1900), 25 Ind. App. 175; *Shepherd* v. *Marvel, supra; Kolb* v. *Raisor, supra.*

We conclude that, under the facts, the court erred in denying appellant's application. Judgment reversed.