## CRUM v. NORTH VERNON PUMP & LUMBER COMPANY ET AL.

[No. 20,484. Filed December 8, 1904.]

APPEAL AND ERROR.—*Appellate to Supreme.*—*When Lies.*—*Amount in Controversy.*—Where, in an action for the recovery of $10,000 damages for personal injuries, a judgment is rendered in the trial court for defendants, and such judgment is affirmed by the Appellate Court, an appeal from the Appellate to the Supreme Court does not lie under subdivision 3, §1337j Burns 1901 (Acts 1901, p. 565), since the test of the right of appeal in such section is the amount of the judgment and not the amount asked in the pleadings.

From Jackson Circuit Court; *Joseph H. Shea*, Special Judge.

Action by Oliver D. Crum against the North Vernon Pump & Lumber Company and others. From a judgment for defendants, plaintiff appealed to the Appellate Court, where the judgment was affirmed (34 Ind. App. ——). Appealed to Supreme Court under subdivision 3, §1337j Burns 1901. *Dismissed.*

*McHenry Owen*, for appellant.
*Lincoln Dixon* and *H. C. Meloy*, for appellees.

JORDAN, J.—This is an appeal from the judgment of the second division of the Appellate Court affirming the judgment of the Jackson Circuit Court.

Appellant, as plaintiff, instituted this action in the lower court to recover for personal injuries alleged to have been sustained by him while at work in appellees' sawmill in Lawrence county, Indiana. His complaint consisted of two paragraphs, in each of which he alleged that he had been damaged in the sum of $10,000, for which he demanded judgment. A demurrer was sustained to each paragraph of the complaint, and judgment was rendered against him on demurrer. From this judgment he appealed to the Appellate Court, wherein the judgment of the lower court was affirmed.

Appellant seeks to prosecute this appeal under subdivision 3, §1337j Burns 1901, the same being section ten of an act of the legislature in force March 12, 1901 (Acts 1901, p. 565). The provisions of the statute read as follows: "Third. In any case decided by either of said divisions of the Appellate Court any losing party shall have the right to appeal to the Supreme Court, *only when the amount in controversy, exclusive of costs and interests on the judgment of the trial court exceeds $6,000.* The appeal may be taken within sixty days after the rendition of the judgment or within thirty days after the overruling of a petition for a rehearing by said division of the Appellate Court, and not afterwards. The appeal shall be held to be perfected by filing with the Clerk of the Supreme Court

an assignment of the errors alleged to have been committed by the divisions of the Appellate Court." (Our italics.)

It will be observed that by the positive provision of this statute an appeal by a losing party from a judgment of either division of the Appellate to the Supreme Court is only allowed when the judgment of the trial court from which the appeal was taken to the Appellate Court, after excluding all costs thereon, and all interest accrued subsequent to its rendition, exceeds $6,000. The amount in controversy is not in any sense to be determined from the pleadings, but is to be determined from the amount disclosed by the judgment of the trial court after excluding, as heretofore stated, interest and costs. In all cases the amount of the judgment is to be taken as the standard by which the right of appeal from the Appellate to the Supreme Court must be tested. It follows, therefore, that the amount in controversy in the case at bar for the purpose of this appeal can not, within the meaning of the statute in question, be determined by the amount demanded in the complaint, nor by the amount disclosed in the body of that pleading. The rule, therefore, as asserted in *Ex Parte Sweeney* (1890), 126 Ind. 583, pertaining to an appeal from a judgment of the trial court to the Appellate Court under the statute then in force, has no application to the statute herein involved.

So far as the case of the *State, ex rel.,* v. *Holt, ante,* 198, can be said to be at variance with the holding herein, it may be considered as modified.

Under the facts in this case, for the reasons stated, this appeal can not be entertained, and is therefore dismissed.