## AVERY *v.* NORDYKE & MARMON COMPANY.

[No. 20,445.   Filed February 2, 1905.]

APPEAL AND ERROR.—*From Appellate to Supreme.—Amount in Contro-versy.*—Where a judgment for costs is rendered against plaintiff in an action for $15,000 damages for personal injuries, and on appeal to the Appellate Court such judgment is reversed, with directions to the trial court to grant a new trial, an appeal by the defendant to the Supreme Court does not lie from the decision of the Appellate Court, the amount in controversy being measured by the money judgment recovered. *Smith* v. *American Crystal Monument Co.*, 160 Ind. 141, modified.

From Superior Court of Marion County (61,369); *Vinson Carter,* Judge.

Action by George R. Avery against the Nordyke & Marmon Company. From a judgment of the Appellate Court (34 Ind. App. 541) reversing a judgment for defendant, defendant appeals under subdivision three, §1337j Burns 1901, Acts 1901, p. 565. *Dismissed.*

*Wymond J. Beckett* and *Henry M. Dowling,* for appellant.

*Elmer E. Stevenson* and *Edward H. Knight,* for appellee.

HADLEY, C. J.—Appellant brought this action against appellee to recover $15,000 damages for personal injuries alleged to have been received by the negligence of the appellee. There was a verdict and judgment against him for costs in the superior court, from which he appealed to the Appellate Court. The latter reversed and set aside the judgment of the lower court, and ordered the case back, with the mandate that the trial court grant a new trial. From the judgment of the Appellate Court reversing and setting aside the judgment of the Marion Superior Court, the Nordyke & Marmon Company appeal to this court.

Appellant claims the right to prosecute this appeal under

Avery *v.* Nordyke & Marmon Co.

the act of 1901 (Acts 1901, p. 565, subd. 3, §10, §1337j Burns 1901), which reads thus: "In any case decided by either of said divisions of the Appellate Court any losing party shall have the right to appeal to the Supreme Court, only when the amount in controversy, exclusive of costs and interest on the judgment of the trial court exceeds $6,000." In the legislation of 1901 it was the manifest purpose of the lawmakers to enact a scheme which would not only relieve the Supreme Court of much appellate business, but also preserve uniformity of decision by leaving that court charged with the power and duty of settling the law in all cases appealed to either division thereof when brought in question as prescribed by that statute. As a means of relieving the Supreme Court, and of preventing two lines of decision, it is provided that all appeals must be taken primarily to the Appellate Court, except the classes expressly specified; and the decision of the Appellate Court shall be final (§10) unless it contravenes a ruling precedent of this court, or directly involves the erroneous decision of a new question. The losing party in any case decided by the Appellate Court, without reference to the amount or character of the judgment, may (subd. 2, §10) challenge the correctness of the decision on either or both the above grounds by an application to have the case transferred to this court. If the applicant's contention is sustained, the judgment of the Appellate Court is thereby vacated, and the case transferred to the docket of this court. If the application is denied, the effect of the ruling is as declared in *City of Huntington* v. *Lusch* (1904), 163 Ind. 266.

Subdivision three of section ten, above set out, concerning appeals from the Appellate to the Supreme Court, must be construed in the light of the legislative purpose. It is plain that that body, while engaged in constructing a plan for reducing the labors of the Supreme Court, did not intend, by the above provision, that a large number of appeals should

be taken under it. Nor can it be doubted that it intended such appeals to embrace only the more important cases, and such cases only as have been adjudicated by the trial court upon the merits, and their importance shown by a money judgment. "The amount in controversy" and "interest on the judgment" clearly import a controversy measurable by a sum of money ascertained and determined by the trial court. The construction contended for by the Nordyke & Marmon Company would make it possible for every plaintiff so to frame his complaint as to require this court to entertain his appeal in any case, without reference to its importance, when the ruling on demurrer or verdict of the trial court was against him, and would extend the right to the successful defendant when he lost on appeal to the Appellate Court, as in this case. Such a construction would greatly multiply the business of this court, and encumber its dockets with a class of cases clearly intended for final disposition by the Appellate Court.

As we have seen, ample opportunity is afforded by said subdivision two to a losing party for a review by this court when the law has been wrongfully applied by the Appellate Court in all cases, including those with controverted amounts of $6,000 and less; but when the law has been properly administered by the Appellate Court in the latter class of cases they are wholly unappealable to this court under the statute. It may therefore be said that it is the amount in controversy, exclusive of interest and costs, as shown by the judgment of the trial court upon the merits, that determines the right of appeal from the Appellate Court to the Supreme Court under said subdivision three, and such right does not lie unless such judgment of the trial court exceeds $6,000. *Crum* v. *North Vernon Pump, etc., Co.* (1904), 163 Ind. 594.

There are some statements in the opinion of *Smith* v. *American Crystal Monument Co.* (1905), 160 Ind. 141, not in harmony with the ruling in this and the Crum case,

and so far as that case is in conflict it is modified so as to conform to the doctrine of these later cases.

It follows that we have no power to entertain this appeal. Appeal dismissed.