### DURBIN ET AL. v. NORTHWESTERN SCRAPER COMPANY ET AL.

[No. 20,659. Filed June 29, 1905.]

APPEAL AND ERROR.—*Appeal from Appellate Court.—Amount in Controversy.*—Where the Appellate Court reversed a judgment for defendants in an action on a promissory note for $15,000 and interest, such defendants can not appeal from the decision of the Appellate Court, their remedy being by a petition for a transfer.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Action by Winfield T. Durbin and others against the Northwestern Scraper Company and others. From a decision of the Appellate Court (36 Ind. App. —) reversing a judgment for two of such defendants, such defendants appeal. *Appeal Dismissed.*

*Lovett & Slaymaker* and *Warner & Brady,* for appellants. *Bagot & Bagot,* for appellees.

PER CURIAM.—In this case Winfield T. Durbin and others brought an action against four defendants, one of whom was Hester Neely, to recover on a note for $15,000, executed by the defendants. Said Neely answered by general denial, and also filed two special paragraphs of answer, which were predicated upon the theory that she was a surety on the note, but had been discharged. A demurrer to the latter paragraphs was overruled, and an exception reserved by the plaintiffs. Upon issues joined there was a finding and judgment for $18,100 in favor of plaintiffs as against two of the defendants, but as to said Neely and the remaining defendant the finding and judgment were adverse to plaintiffs. The latter prosecuted an appeal to the Appellate Court of this State, with the result that the cause was reversed, with a direction, among other things, to sustain plaintiffs' demurrer to said two special paragraphs of answer, and said Neely, as the defeated party in the Appellate Court, has filed the record of said cause in this court, and has assigned error based on the mandate of the Appellate Court.

A motion to dismiss the appeal which has been attempted to be prosecuted to this court has been filed by plaintiffs, on the ground that under the circumstances of this case an appeal will not lie under the provisions of subdivision three of §1337j Burns 1901, Acts 1901, p. 565, §10. That subdivision provides: "In any case decided by either of said divisions of the Appellate Court any losing party shall have

the right to appeal to the Supreme Court, only when the amount in controversy, exclusive of costs and interest on the judgment of the trial court exceeds $6,000." It is argued by counsel for said Neely that as the demand is not unliquidated, and as, under the issues, there would have to be a recovery against her for the full amount, if there should be a recovery against her at all, the amount in controversy in this case exceeds $6,000, exclusive of interest and costs. If the question were only as to the amount of the controversy, said contention would undoubtedly be correct, but a holding that an appeal in this case would lie to this court would require an overruling of the cases of *Avery* v. *Nordyke & Marmon Co.* (1905), 164 Ind. 186, and *Crum* v. *North Vernon Pump, etc., Co.* (1904), 163 Ind. 596, in which it is held that said statute authorizes an appeal only where the amount in controversy, as established by the judgment of the trial court, exceeds $6,000, exclusive of interest and costs.

As we are not prepared to depart from the holding in the cases cited, it results that we must refuse to entertain jurisdiction in this cause. Such remedy, if any, as the parties defeated in the Appellate Court had, should have been asserted by petition to transfer.

The appeal is dismissed.