## TYLER ET AL. *v.* DAVIS.

[No. 20,733. Filed April 6, 1906.]

APPEAL AND ERROR. — *From Appellate to Supreme Court.* — *"Amount in Controversy."*—*Fraudulent Conveyances.*—An appeal, in a suit for the setting aside of a fraudulent conveyance, does not lie from the Appellate Court to the Supreme, under subdivision 3, §1337j Burns 1901, Acts 1901, p. 565, §10, providing for such an appeal when "the amount in controversy, exclusive of costs and interest on the judgment of the trial court, exceeds $6,000."

From Greene Circuit Court; *Orion B. Harris,* Judge.

Suit by Annie V. Davis against Dallas Tyler and others. From a judgment of the Appellate Court (37 Ind. App. 557) affirming a decree for plaintiff, defendants appeal under subd. 3, §1337j Burns 1901, Acts 1901, p. 565, §10. *Appeal dismissed.*

*W. R. Gardiner, C. G. Gardiner* and *T. D. Slimp,* for appellants.

*C. K. Tharp* and *Ogden & Inman,* for appellee.

HADLEY, J.—This purports to be an appeal from the Appellate Court under §1337j Burns 1901, cl. 3, Acts 1901, p. 565, §10, which gives to the losing party "the right to appeal to the Supreme Court, only when the amount in controversy, exclusive of costs and interest on the judgment

of the trial court, exceeds $6,000." This action is prosecuted by the appellee to set aside an alleged fraudulent conveyance and have certain real estate declared subject to the payment of a judgment for appellee's benefit previously recovered against Dallas Tyler and another.

The subject of controversy involved in this suit is not a sum of money, but the right to sell certain real property, as the property of Dallas Tyler, to pay a certain judgment previously recovered against him. It is shown as a recital in the decree that more than $8,000 of the previous judgment remained unpaid; but the former judgment is in no sense involved in this action, and can be affected in no way, except so far as it may result in the recovery of property for application to its payment. The facts bring the case squarely within the rule declared in the following cases: *Smith* v. *American, etc., Co.* (1903), 160 Ind. 141 (that part of the case appearing on page 144 having been modified in *Avery* v. *Nordyke & Marmon Co.* [1905], 164 Ind. 186, 188); *Burke* v. *Barrett* (1903), 161 Ind. 416; *Crum* v. *North Vernon Pump, etc., Co.* (1904), 163 Ind. 596; *Avery* v. *Nordyke & Marmon Co., supra.*

It follows that we have no jurisdiction of the appeal. The appeal is therefore dismissed.