## CRONIN *v.* ZIMMERMAN.

[No. 20,949. Filed October 9, 1907.]

1. STATUTES.—*Judicial Construction.—Subsequent Reënactment.—* Where a statute is given a judicial construction by the Supreme Court, such statute, subsequently reënacted, is impressed with the same construction, unless the contrary is shown by the act. p. 76.
2. SAME.—*Appeal.—Amount · in Controversy.—*Under subdivision fourteen of section one of the act of 1907 (Acts 1907, p. 237, §1392 Burns 1908), providing that "all cases wherein the amount of money in controversy, exclusive of interest and cost, on the judgment of the trial court exceeds $6,000," shall be appealable to the Supreme Court, means that such "amount of money in controversy" shall consist of a money judgment. p. 76.
3. APPEAL.—*Transfer.—*A case erroneously appealed to the Supreme Court will be transferred to the Appellate Court. p. 77.

From Porter Circuit Court; *Willis C. McMahan,* Judge.

Action by Bessie Cronin against Arthur F. Zimmerman. From a judgment for defendant, plaintiff appeals. *Transferred to Appellate Court.* (For decision on merits see — Ind. App. —.)

*Bessie Cronin, pro se.*
*Johnston & Bartholomew,* for appellee.

MONKS, J.—Appellant brought this action for libel, demanding judgment for $200,000 damages. A demurrer for want of facts was sustained to the complaint, and judgment rendered against appellant for costs.

The Appellate Court, under the act of 1907 (Acts 1907, p. 237, §1392 Burns 1908), has jurisdiction of this appeal, unless it comes within the provisions of the fourteenth subdivision of section one of said act, which reads as follows: "All cases wherein the amount of money in controversy, exclusive of interest and cost, on the judgment of the trial court exceeds $6,000." Said subdivision is substantially a reënactment of a part of subdivision three of section ten of the act of 1901 (Acts 1901, p. 565, §1337j Burns 1901). This court held that under said subdivision three the "amount in controversy" was to be determined not from the pleadings, but from the "amount of the judgment of the trial court, after excluding the interest and cost." *Crum* v. *North Vernon Pump, etc., Co.* (1904), 163 Ind. 596; *Leonard* v. *Whetstone* (1905), 163 Ind. 702; *Avery* v. *Nordyke & Marmon Co.* (1905), 164 Ind. 186, 188; *Tyler* v. *Davis* (1906), 166 Ind. 366, and cases cited.

It is a well-settled rule of statutory construction that when a statute, or a part of a statute, has been construed by the court of last resort in the State, and the same

1.  is substantially reënacted, the legislature adopts such construction, unless the contrary is clearly shown by the act. *Board, etc.*, v. *Conner* (1900), 155 Ind. 484, 496, and authorities cited; *Hilliker* v. *Citizens St. R. Co.* (1899), 152 Ind. 86, 88; *Spaulding* v. *Mott* (1906), 167 Ind. 58; *State, ex rel.*, v. *Board, etc.* (1906), 166 Ind. 162, 188, 189, and authorities cited.

It will be observed that the act of 1907, *supra,* was passed by the legislature after said interpretation had been given by this court to subdivision three of section ten of

2.  the act of 1901, *supra.* Applying said rule to this case, we hold that under said fourteenth subdivision

of section one of the act of 1907, *supra,* the amount in controversy must be determined not from the pleadings in the case but from the amount of the judgment of the trial court, exclusive of interest and cost. It follows that jurisdiction of this appeal under the act of 1907, *supra,* is in the Appellate Court.

Section 1337m Burns 1901, Acts 1901, p. 565, §13, provides: "If any case is erroneously appealed to the wrong court, that court shall make an order for its transfer to the proper court, and the appeal shall stand as if originally filed in the right court."

It is therefore ordered that this appeal be transferred to the Appellate Court.