### RUPEL ET AL. *v.* OHIO OIL COMPANY ET AL.

[No. 21,329.    Filed May 25, 1909.]

1.   APPEAL.—*Jurisdiction.*—*Amount in Controversy.*—The jurisdiction of an appeal, filed August 29, 1908, from a judgment sustaining a demurrer to a complaint demanding $100,000 damages, is in the Appellate Court (§1392 Burns 1908, cl. 14, Acts 1907, p. 237, §1).   p. 301.

2.   STATUTES.—*Reënactment.*—*Construction.*—*Appeal.*—*Jurisdiction.* —*Amount in Controversy.*—The substantial reënactment of §1337j Burns 1901, cl. 3, Acts 1901, p. 565, §10, providing for appeals from the Appellate to the Supreme Court, where the amount in controversy exceeds $6,000, in §1392 Burns 1908, cl. 14, Acts 1907, p. 237, §1, providing that jurisdiction of all appeals, where the amount in controversy exceeds $6,000 shall be in the Supreme Court, after the Supreme Court decided that the amount in controversy should be determined by the amount of the judgment rendered, impresses such latter statute with the same construction.   p. 301.

From Jay Circuit Court; *John F. LaFollette*, Judge.

Action by Martin L. Rupel and others against the Ohio Oil Company and others. From a judgment for defendants, plaintiffs appeal. *Transferred to Appellate Court.*   (See — Ind. App. —.)

*S. A. D. Whipple* and *Emerson McGriff*, for appellants.
*Abram Simmons* and *Frank C. Dailey*, for appellees.

Rupel v. Ohio Oil Co.—172 Ind. 300.

MYERS.—Appellants brought this action in the Jay Circuit Court, against the Ohio Oil Company and three individuals, by a complaint in two paragraphs, in each of which a demand for $100,000 damages was made against said oil company, no demand being made for relief against the other defendants.

The demand against the oil company was made for the alleged conversion of oil, by drilling upon the real estate of appellants, and pumping the oil therefrom. A demurrer for want of facts sufficient to constitute a cause of action was filed by the oil company, and a like demurrer by the individuals, jointly. These demurrers were sustained, and appellants refusing further to plead, judgment was rendered against them for costs.

1. This court is without jurisdiction of this appeal. The transcript in the cause was filed in the clerk's office on August 29, 1908. At that time the act of 1907 (Acts 1907, p. 237, §1392 et seq. Burns 1908) was in force. The fourteenth subdivision of section one (§1392, supra), conferring jurisdiction upon this court, reads as follows: "All cases wherein the amount of money in controversy, exclusive of interest and cost, on the judgment of the trial court exceeds $6,000" shall be appealable "directly to the Supreme Court," and by the eighteenth subdivision (§1392, supra) all cases except those enumerated in the section are appealable to the Appellate Court.

2. This provision is a substantial reënactment of subdivision three of section ten of the act of 1901 (Acts 1901, p. 565, §1337j Burns 1901), under which this court held that the "amount in controversy" was to be determined from the amount of the judgment, excluding interest and cost, and not from the pleadings. Tyler v. Davis (1906), 166 Ind. 366; Avery v. Nordyke & Marmon Co. (1905), 164 Ind. 186; Leonard v. Whetstone (1905), 163 Ind. 702; Crum v. North Vernon Pump, etc., Co. (1904), 163 Ind. 596. The reënactment of this statute with this construction upon it

must be regarded as an adoption of the construction unless the contrary clearly appears from the. act, as it does not. *Cronin* v. *Zimmerman* (1907), 169 Ind. 75, and cases cited.

This cause is hereby ordered transferred to the Appellate Court under the provisions of §1392, *supra*.